Argued April 29, affirmed May 27, 1975

STATE OF OREGON, *Respondent, v.* VERL
RAE McKINNEY (No. 44414), *Appellant.*

535 P2d 1392

*John K. Hoover,* Deputy Public Defender, Salem,
argued the cause for appellant. With him on the
brief was Gary D. Babcock, Public Defender, Salem.

*James C. Rhodes,* Assistant Attorney General, Sa-
lem, argued the cause for respondent. With him on
the brief were Lee Johnson, Attorney General and W.
Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and
Lee, Judges.

LEE, J.

Defendant appeals from a jury conviction of

burglary in the first degree, ORS 164.225.[1] Defendant assigns as error the trial court's denial of his motion for a judgment of acquittal and claims there was no substantial evidence to sustain the verdict. We affirm.

A brief summary of the facts is as follows: Upon return from a weekend trip, David Heinz discovered two guns had been taken from his gun rack. He had locked his house at the time of his departure and it was locked when he returned. On the gun rack was a note, written and left by defendant which read: "Dave; Had an emer—borrowed 2 of your guns. As soon as you get home come over, I will explain Chuck." At the time the note was discovered, Heinz did not believe that the defendant had taken the guns to keep them permanently because of their past friendly social and work relationship of several months' duration. Heinz went to see the defendant and inquired concerning the emergency. Defendant informed him that he needed some money to go to a drag race in Eugene and that he had pawned the guns and would get them back within a week. The week passed and the guns were not returned. Heinz contacted the defendant again and was told that he would have to wait another week. At the expiration of the second week, Heinz attempted to contact defendant but could not find him. Heinz then went to the police who picked the guns up from the pawnbroker and these proceedings were commenced.

[1] ORS 164.225 provides:

"(1) A person commits the crime of burglary in the first degree if he violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom he:

"(a) Is armed with a burglar's tool as defined in ORS 164.235 or a deadly weapon; or

"(b) Causes or attempts to cause physical injury to any person; or

"(c) Uses or threatens to use a dangerous weapon.

"(2) Burglary in the first degree is a Class A felony."

ORS 164.215[2] is incorporated by reference into ORS 164.225 under which defendant was prosecuted and requires *inter alia* that one enter a building "with intent to commit a crime therein." The state's theory is that the defendant entered the dwelling with the intent to commit the crime of theft (ORS 164.015(1)).[3] The defense contends that there was insufficient evidence to support a jury finding of the requisite intent to commit a crime in the Heinz dwelling.

In support of his contention, defendant relies on testimony that the defendant merely borrowed the guns from his friend with the intent to return them. Defendant testified that Heinz had previously given him permission to use the washer and dryer, which were located in the dwelling. Heinz claimed that the invitation to use the machines was conditioned upon his being present at the time whereas defendant said there was no such condition attached to the invitation. In any event, Heinz never did give permission to the defendant to remove the guns. Jessie Travis, a friend of the defendant, testified that she and defendant had entered Heinz' residence on previous occasions using a key Heinz kept in the area and she was under the impression that Heinz knew this.

Defendant relies primarily on *State v. Keys,* 244 Or 606, 419 P2d 943 (1966), for the rule that consent to enter the premises, if the entry is accomplished

---

[2] ORS 164.215 provides:

"(1) A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein.

"(2) Burglary in the second degree is a Class C felony."

[3] ORS 164.015(1) provides:

"A person commits theft when, with intent to deprive another of property or to appropriate property to himself or to a third person, he:

"(1) Takes, appropriates, obtains or withholds such property from an owner thereof; * * *"

in conformance with the terms of consent, "* * * is a defense to a charge of burglary requiring a breaking, since there is no trespass. * * *" The Supreme Court was quick to caution, however, that:

> "* * * '[A] consent limited as to place, time, or purpose is not a defense where entry occurs outside the limitation stated or implied,' and thus is trespassory. 93 ALR2d 534-537." 244 Or 612.

In the instant case there were facts from which the jury could find that the defendant's entry exceeded the scope of Heinz' permission. Also, there was evidence from which the jury could find that the guns were taken without Heinz' permission and with intent to permanently deprive him of them. There was evidence to support the verdict. *State v. Krummacher,* 15 Or App 234, 515 P2d 412 (1973), *rev'd* 269 Or 125, 523 P2d 1009 (1974).

Affirmed.