STATE OF NORTH CAROLINA v. WILLIAM BOONE

No. 39

(Filed 30 July 1979)

1. Larceny § 6— booster box in defendant's possession—admissibility of evidence

In a prosecution of defendant for felonious larceny, the trial court did not err in admitting into evidence a "booster box," a device used by professional shoplifters, found in defendant's car along with stolen sweaters within minutes after the sweaters were discovered missing from a store, since such evidence was relevant because it had a logical tendency to show a design or plan on the part of defendant and one or more of his companions to steal merchandise from the store.

2. Burglary and Unlawful Breakings § 1.2— entry into store during business hours—no breaking

An entry with consent of the owner of a building, or anyone empowered to give effective consent to entry, cannot be the basis of a conviction for felonious entry under G.S. 14-54(a); therefore, defendant's entry into a store at the time it was open to the public could not serve as the basis for a conviction for felonious entry, since the entry was with the consent, implied if not express, of the owner.

3. Criminal Law § 138.4— counts consolidated for judgment—conviction of one crime vacated—resentencing unnecessary

Where defendant was convicted of felonious larceny and felonious entry and the counts were consolidated for judgment, but defendant's motion to dismiss the felonious entry charge should have been granted, defendant was not entitled to be resentenced, since the sentence of imprisonment for not less than eight nor more than ten years was within the limits of punishment that can be imposed for larceny alone and since defendant's conduct in the larceny merited the sentence he received. G.S. 15A-1447(e).

ON petition for discretionary review from a decision of the Court of Appeals, reported at 39 N.C. App. 218, 249 S.E. 2d 817, opinion by *Judge Hedrick* with *Judge Vaughn* and *Judge Arnold* concurring. Defendant was convicted of felonious entry and larceny before *Judge Fountain* at the 22 March 1978 Criminal Session of DARE Superior Court and sentenced to imprisonment for not less than eight nor more than ten years. The Court of Appeals vacated the conviction for felonious entry and remanded the case for resentencing.

*Rufus L. Edmisten, Attorney General,* by *Amos C. Dawson III, Assistant Attorney General,* for the state.

*Twiford, Trimpi & Thompson,* by *Russell E. Twiford* and *John C. Trimpi, Attorneys* for defendant.

EXUM, Justice.

Defendant was convicted of both felonious entry under G.S. 14-54(a) and felonious larceny. The two counts were consolidated for judgment. The Court of Appeals found no error in the larceny conviction but held that since defendant entered the store in question with the implied consent of the storekeeper, his motion to dismiss the felonious entry charge should have been granted. Pursuant to this holding, it remanded for resentencing. We agree with the Court of Appeals' decision on the merits as to both the felonious entry and larceny charges, but we hold that under the circumstances of this case defendant is not entitled to be resentenced.

The state's evidence tended to show that defendant entered Indian Imports, a clothing store in Nags Head, at about 7:15 p.m. on 18 November 1977. The store was open to the public at the time. Defendant asked for directions to Elizabeth City. He left briefly and then returned with three other people. He waited just outside the door while they went inside. They remained in the store for three to five minutes and then left with defendant. There were no other customers in the store.

Shortly after defendant and his companions left, the salesclerk in the store noticed two sweaters missing. She immediately called the police and gave them a description of defendant, his car and his companions. The police located and stopped defendant's car. He and the three persons who had entered the store were in it. Upon searching the car with defendant's consent, the police found seven sweaters belonging to Indian Imports and a cardboard "booster box." The fair market value of the sweaters was estimated to be $250.00 to $300.00. Neither defendant nor his companions had purchased the sweaters from the store.

Defendant offered no evidence.

This appeal presents two questions: (1) whether the trial court improperly admitted the "booster box" into evidence and (2) whether the trial court erred in denying defendant's motion to dismiss the felonious entry charge.

[1]   The "booster box" was described as a device used by professional shoplifters to conceal stolen merchandise. Defendant con-

tends that the "booster box" and testimony concerning it should not have been admitted because there was no showing that it was used in the crime charged. According to his argument, this evidence tended only to show his disposition to commit a theft and was, therefore, inadmissible.

In so arguing, defendant relies in part on *State v. Stone*, 240 N.C. 606, 83 S.E. 2d 543 (1954). Defendant in *Stone* was charged with incest and assault with intent to commit rape. Found in his possession at the time of his arrest, some nine months after the alleged commission of the crimes charged, were two prophylactics. These were admitted into evidence over defendant's objection. On appeal, this Court found prejudicial error in the admission of the prophylactics and granted defendant a new trial.

*Stone* is distinguishable from the present case. We read its holdings as resting on two grounds: (1) remoteness, and (2) lack of any logical relevancy between the possession of the prophylactics and the issue of defendant's guilt. Here the "booster box" was found in defendant's car along with the stolen sweaters within minutes after the sweaters were discovered missing. Defendant was charged with larceny. There was testimony that the "booster box" was a device used by professional shoplifters. Possession of the "booster box" under these circumstances is relevant because it has a logical tendency to show a design or plan on the part of defendant and one or more of his companions to steal merchandise from the store.

The present case falls squarely within the holding of *State v. Fogleman*, 204 N.C. 401, 168 S.E. 536 (1933). Defendant in *Fogleman* was charged with the murder of a store owner, apparently during an attempted robbery. Introduced against him were a number of items seized from his car, including a shotgun, some shells and various burglary tools. There was no showing that any of these items was used in the commission of the crime charged. Nevertheless this Court sustained the admission of this evidence, stating, *id.* at 406, 168 S.E. at 539 (*quoting* Wigmore on Evidence): " '[T]he acquisition or possession of instruments, tools, or other means of doing the act is admissible as a significant circumstance; the possession signifies a probable design to use; the instruments need not be such as are entirely appropriate, nor such as were actually put in use.' " It is always relevant on the

question whether defendant committed a certain act to show that he had a plan or design to commit it. "When the very doing of the act charged is still to be proved, one of the evidential facts receivable is the person's Design or Plan to do it. This in turn may be evidenced by conduct of sundry sorts as well as by direct assertions of the design." II Wigmore on Evidence § 304 at 202 (3d ed. 1940). This reasoning supports admission into evidence here of the "booster box." Defendant's assignments of error relating to its admission and to testimony concerning it are without merit.

[2]    We next hold that the Court of Appeals correctly reversed the trial court's denial of defendant's motion to dismiss the felonious entry charge. Felonious entry is defined in G.S. 14-54(a) as follows:

> "Any person who breaks or enters any building with intent to commit any felony or larceny therein is guilty of a felony and is punishable under G.S. 14-2."

Defendant argues that in order for an entry to be punishable under this section it must be a wrongful entry, i.e., without the consent of the owner. He points out that the store was open to the public at the time he entered. Therefore, according to his argument, his entry was not without the consent of the owner, and he did not violate G.S. 14-54(a). The Court of Appeals agreed with this argument. We agree with the Court of Appeals.

The question whether an entry must be without the owner's consent in order to sustain a conviction under statutes similar to G.S. 14-54(a) is one that has sharply divided courts in other jurisdictions. See Annotation, Burglary—Entry with Consent, 93 A.L.R. 2d 531. The primary basis for this split, however, appears to be differing statutory requirements in the various jurisdictions. Smith v. State, 362 P. 2d 1071 (Alaska 1961). Our primary task here, then, is discerning the meaning of G.S. 14-54(a).

Felonious entry is a statutory crime. State v. Mumford, 227 N.C. 132, 41 S.E. 2d 201 (1947). The first statute in North Carolina that punished nonburglarious breaking was Chapter 166 of the Laws and Resolutions of the State of North Carolina 1874-75. It read as follows:

"That any person who shall wilfully break into a storehouse where any merchandise or other personal property is kept, or any uninhabited house, with intent to commit a felony, shall be guilty of a misdemeanor, and on conviction thereof shall be punished by imprisonment in the county jail or State's prison for not less than four months nor more than ten years."

This statute was amended by Chapter 323 of the Laws and Resolutions of the State of North Carolina 1879 to include within its coverage the "entering of a dwelling house in the night time otherwise than by breaking" with intent to commit a felony. The nonburglarious breaking or entry statute was subsequently embodied in Revisal § 3333 as follows:

"If any person shall break or enter a dwelling-house of another otherwise than by a burglarious breaking; or shall break and enter a storehouse, shop, warehouse, banking-house, counting-house, or other building, where any merchandise, chattel, money, valuable security, or other personal property shall be; or shall break and enter any uninhabited house, with intent to commit a felony or other infamous crime therein; every such person shall be guilty of a felony, and imprisoned in the state's prison or county jail not less than four months, nor more than ten years."

Defendant in *State v. Goffney*, 157 N.C. 624, 73 S.E. 162 (1911), was tried and convicted of a violation of Revisal § 3333. The state's evidence in *Goffney* showed that defendant was apprehended as he broke and entered Mr. Barnes' store. The evidence also showed, however, that Barnes had instructed an employee of his to induce defendant to commit the offense. On these facts, this Court held that a directed verdict of not guilty should have been entered, stating, *id.* at 628, 73 S.E. at 164:

"In the case at bar the owner himself gave permission for the defendant to enter, which destroyed the criminal feature and made the entry a lawful one.

"Upon the facts in evidence no crime was committed, because the entry was with the consent and at the instance of the owner of the property."

---

---

*Goffney*, then, clearly stands for the proposition that an entry, even if with felonious intent, cannot be punished when it is with the owner's consent.

The state here argues that *Goffney* was an entrapment case and that its holding should be limited to circumstances where the owner of the property actively induced the crime. We do not agree. The result in *Goffney* was not based on entrapment. It instead rested on the court's holding that under the statute an entry must be without consent and the well-established proposition that "[i]f want of consent is an element of a crime, an act done with the consent of the person affected cannot be made the basis of a criminal charge." *State v. Nelson*, 232 N.C. 602, 604, 61 S.E. 2d 626, 628 (1950).

Defendants in *State v. Friddle*, 223 N.C. 258, 25 S.E. 2d 751 (1943), were tried and convicted of a violation of C.S. § 4235, the successor to Revisal § 3333. C.S. § 4235, which in all respects material to the question before us was identical to current G.S. 14-54(a), read as follows:

> "If any person, with intent to commit a felony or other infamous crime therein, shall break or enter either the dwelling-house of another otherwise than by a burglarious breaking; or any storehouse, shop, warehouse, banking-house, counting-house, or other building where any merchandise, chattel, money, valuable security or other personal property shall be; or any uninhabited house, he shall be guilty of a felony, and shall be imprisoned in the state's prison or county jail not less than four months nor more than ten years."

Defendants in *Friddle* were charged with both breaking and entry and larceny from a store. They admitted taking sugar from the store but contended they did so with the consent of an agent of the store's owner. This Court granted a new trial because of an inadequate instruction on felonious intent, but noted, *id.* at 260, 25 S.E. 2d at 752 (1943): "The breaking and entry and the taking, it is true, must be *without the consent and against the will of the owner.*" (Emphasis supplied.)

In a 1955 amendment to then G.S. 14-54, the General Assembly provided that: "Where such breaking or entering shall be wrongfully done without intent to commit a felony or other infamous crime, he shall be guilty of a misdemeanor." 1955 Session

Laws, Ch. 1015.[1] This provision, which with insignificant modification is now codified as G.S. 14-54(b), expressly requires that an entry must be wrongful, *i.e.*, without consent of the owner, in order to be punishable. The misdemeanor of wrongful breaking or entry as defined in G.S. 14-54(b) has been consistently held to be a lesser included offense of the crime of felonious breaking or entry as defined in G.S. 14-54(a) with the only distinction between the two being the lack of felonious intent in the case of the misdemeanor. *State v. Dickens*, 272 N.C. 515, 158 S.E. 2d 614 (1968); *State v. Jones*, 264 N.C. 134, 141 S.E. 2d 27 (1965); *State v. Dozier*, 19 N.C. App. 740, 200 S.E. 2d 348 (1973), *cert. denied*, 284 N.C. 618 (1974). The crime defined by subsection (b) could not be a lesser included offense of the crime defined by subsection (a) unless the element of wrongfulness was common to both. This is so because the greater offense must include all the elements of the lesser offense. *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970).

In one form or another, then, since 1879, it has been a crime in North Carolina to enter a building with the intent to commit a felony. Entry under this statutory crime has consistently been held to mean entry without the owner's consent.[2] This usage has been adopted by our trial judges in their Pattern Jury Instructions, which require, among other things, a finding by the jury that the breaking or entry was without the consent of the owner or tenant of the building in order to sustain a conviction under G.S. 14-54(a). N.C.P.I.—Crim. § 214.30 (Dec. 1976).

We believe this well-established interpretation is the proper reading of the statute. It is, moreover, supported by sound policy considerations.

The interpretation contended for by the state would render the statute so broad as to make it virtually meaningless. A witness entering a courthouse intending to commit perjury would be guilty of felonious entry. *State v. Keys*, 244 Or. 606, 617, 419 P. 2d 943, 948 (1966) (Goodwin, J., dissenting). Equally guilty would be a man entering his own home or office intending to file a

---

1. This was the last revision of the statute except for the 1969 amendments which simplified and rearranged it. *See* 1969 Session Laws, Ch. 543, § 3.

2. The state argues that this Court adopted a contrary view in *State v. Stubbs*, 266 N.C. 274, 145 S.E. 2d 896 (1966). We do not read *Stubbs* so broadly. There is language, unsupported by authority, in *Stubbs* which supports the state's position; but the facts are completely inapposite to the present case because *Stubbs* involved an obviously nonconsensual breaking and entry.

fraudulent tax return. Loewy, Criminal Law in a Nutshell § 6.11 (1975). If such persons do that which they intend, they will commit criminal acts; but their crimes should only be, respectively, perjury and tax evasion — not felonious entry. The reading of the statute argued for by the state would so broaden its coverage as to include acts never envisioned by the legislature. Yet the argument which would sustain defendant's conviction here would apply equally to these acts.

We do not believe the General Assembly intended this statute to have such broad scope. We therefore hold, in accordance with an established interpretation in this state, that an entry with consent of the owner of a building, or anyone empowered to give effective consent to entry, cannot be the basis of a conviction for felonious entry under G.S. 14-54(a).[3]

The state's evidence here established that defendant entered the store at a time when it was open to the public. His entry was thus with the consent, implied if not express, of the owner. It cannot serve as the basis for a conviction for felonious entry. As the Court of Appeals correctly ruled, defendant's motion to dismiss this charge should have been granted.

[3] We do not think it necessary, however, to remand this case for resentencing. In so holding, we rely on G.S. 15A-1447(e), which reads as follows:

> "If the appellate court affirms one or more of the charges, but not all of them, and makes a finding that the sentence is sustained by the charge or charges which are affirmed and is appropriate, the court may affirm the sentence."

This provision was enacted as a part of Chapter 711 of the 1977 Session Laws. Section 39 of Chapter 711 provides: "This act shall become effective July 1, 1978, and applies to all matters addressed by its provisions *without regard to when a defendant's guilt was established or when judgment was entered against him . . . .*" (Emphasis supplied.) G.S. 15A-1447(e) thus applies to our consideration of defendant's appeal even though judgment was rendered against him on 23 March 1978.

---

3. We note in passing that there may be occasions when subsequent acts render the consent void *ab intio,* as where the scope of consent as to areas one can enter is exceeded, *State v. McKinney,* 21 Or. App. 560, 535 P. 2d 1392 (1975), or the defendant conceals himself in a building until a time he is not authorized to be there in order to facilitate a theft, *Levesque v. State,* 63 Wis. 2d 412, 217 N.W. 2d 317 (1974).

Defendant was convicted of felonious larceny and felonious entry. The two charges were consolidated for judgment, and defendant was sentenced to imprisonment for not less than eight nor more than ten years. This sentence was within the limits of punishment that can be imposed for larceny alone. *See* G.S. §§ 14-70, 14-2. The record gives rise to a reasonable inference that defendant was a participant in a carefully coordinated scheme to steal from Indian Imports. There is evidence that he had in his car a device commonly used by professional shoplifters. It is clear that the larceny itself is the gravamen of this case. Without any aggregation of the crimes defendant was charged and tried for, we believe his conduct in this transaction merits the sentence he received.

Under these circumstances, we find that defendant's conviction for larceny, which we affirm, will sustain the sentence he received and that the sentence is appropriate. It is not, therefore, necessary to remand this case for resentencing.

The decision of the Court of Appeals is affirmed except insofar as it remanded the case to the trial court for resentencing.

Modified and affirmed.