STATE OF NORTH CAROLINA v. ERIC GLENN LOCKLEAR

No. 92A87

(Filed 7 October 1987)

**1. Rape and Allied Offenses § 5— first degree rape—infliction of serious personal injury**

The infliction of serious personal injury element of first degree rape was shown by the State's evidence that defendant repeatedly struck the victim in the face and broke her jaw immediately before he forced her to have sexual intercourse with him. Even if the blows were not intended by defendant to overcome the victim's resistance, they were still one link in a continuous chain of events which culminated in the act of intercourse and were thus sufficient to

State v. Locklear

satisfy the infliction of serious personal injury element. N.C.G.S. § 14-27.2 (a)(2)(b).

**2. Burglary and Unlawful Breakings § 5.11— breaking or entering—nonconsensual entry—sufficiency of evidence**

The evidence was sufficient for the jury to find that defendant's entry into a home was nonconsensual so as to support his conviction of breaking or entering, notwithstanding defendant presented evidence that permission to enter the home was inferable because the victim expected him to return a pocketbook that she had left in his car, where the State's evidence tended to show that no arrangements were made for the return of the pocketbook and defendant did not have the pocketbook with him at the time of the incident in question, and that defendant admitted in a pretrial statement that he "was not invited inside the house by anyone."

**3. Criminal Law § 73.3— statements concerning fear—state of mind exception to hearsay rule**

Statements made by a rape victim to nurses who were present when she was admitted to the hospital that she was afraid of defendant and did not want defendant to be allowed near her and that she was "scared" were relevant to the issue of whether the sexual intercourse was committed by force and against her will and were admissible under the "state of mind" exception to the hearsay rule provided by N.C.G.S. § 8C-1, Rule 803(3).

**4. Criminal Law § 89.3— prior consistent statements—admissibility for corroboration**

A nurse's testimony concerning a conversation she had with a rape victim in which the victim described what defendant had done to her on the morning of the incident and stated that on the previous day she had been afraid to give a true account of what happened because defendant had threatened her was admissible to corroborate the victim's almost identical testimony at the trial.

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a life sentence entered by *Bowen, J.*, at the 3 November 1986 Criminal Session of Superior Court, ROBESON County, where defendant was convicted by a jury of first degree rape and nonfelonious breaking or entering. We allowed defendant's motion to bypass the Court of Appeals for review of his conviction for nonfelonious breaking or entering. Heard in the Supreme Court 8 September 1987.

*Lacy H. Thornburg, Attorney General, by Marilyn R. Mudge, Assistant Attorney General, for the state.*

*Arnold Locklear, for defendant appellant.*

EXUM, Chief Justice.

In this appeal defendant's assignments of error pertain to the sufficiency of the state's evidence and to rulings by the trial court on various evidentiary matters. We find no reversible error in defendant's trial.

At trial the state's evidence tended to show that Michelle Oxendine, the prosecuting witness, was staying overnight at the home of her brother and sister-in-law in Robeson County. Ms. Oxendine had dated the defendant for approximately nine months, but had ended the relationship two weeks before the morning of 13 August 1986. On that morning at approximately 7:30 a.m., Ms. Oxendine awoke to find the defendant standing in the doorway of her bedroom. He ordered Ms. Oxendine to get out of bed; and, clad only in her undergarments, she walked to the adjacent bedroom to get dressed.

According to Ms. Oxendine's testimony, the defendant tore her clothes off, threw her to the bed, pinned her hands down and struck her repeatedly in the face. She testified that although she attempted to resist, he forced her to have vaginal and oral intercourse with him and that she was bleeding and in pain.

Afterward, she followed defendant's order that she gather some clothes and go with him. The defendant then drove Ms. Oxendine to the hospital. They arrived there approximately three hours after the incident had occurred, and Ms. Oxendine was taken to the trauma room for treatment. During the ensuing twenty-four hours, she received stitches for an injury to her lip and underwent surgery for a broken jaw.

The defendant presented evidence tending to show that, although he struck Ms. Oxendine with his fist, he carried her to a living room couch when he realized she was injured. Further, he testified that after a short discussion and his apology they returned to the bedroom and had consensual intercourse.

[1] By his first assignment of error defendant contends the trial court erred in failing to dismiss the first degree rape charge for insufficiency of the evidence.

N.C.G.S. § 14-27.2 (1986) defines first degree rape in pertinent part as follows:

(a) A person is guilty of rape in the first degree if the person engages in vaginal intercourse:

. . . .

(2) With another person by force and against the will of the other person, and:

. . . .

b. Inflicts serious personal injury upon the victim or another person . . . .

Defendant correctly asserts that in order to convict of first degree rape under the evidence in this case, the state must rely on proof that defendant inflicted a serious personal injury upon the victim. Defendant argues there is no evidence that the injury relied upon by the state, the fracture of Ms. Oxendine's jaw, was inflicted to overcome her resistance to his sexual advances.

There is clearly no merit to defendant's argument. The state's evidence, through the testimony of Ms. Oxendine, is that defendant fractured her jaw while she was resisting his sexual advances. This evidence is ample to support the state's theory of the case that the fractured jaw was inflicted for the purpose of overcoming Ms. Oxendine's resistance.

Furthermore, there is no requirement under N.C.G.S. § 14-27.2(a)(2)(b) that the serious personal injury be inflicted upon a rape victim during the period of time when the victim's resistance is being overcome. *State v. Blackstock,* 314 N.C. 232, 333 S.E. 2d 245 (1985). In *Blackstock,* we held that the legislature intended that "the element of infliction of serious bodily injury would no longer be limited to the period of time when the victim's resistance was being overcome or her submission procured . . . ." *Id.* at 241, 333 S.E. 2d at 251. We concluded that the element of infliction of serious injury upon the victim was satisfied when there was a series of incidents "forming one continuous transaction between the rape and the infliction of the serious personal injury." *Id.* at 242, 333 S.E. 2d at 252.

Clearly the evidence here supports the serious injury element under the rationale of *Blackstock.* The state's evidence is that defendant repeatedly struck Ms. Oxendine in the face immediately before he forced her to have sexual intercourse with

him. Even if the blows were not intended by the defendant to overcome Ms. Oxendine's resistance, they were still one link in a continuous chain of events which culminated in the act of intercourse. Thus, the blows formed "one continuous transaction between the rape and the infliction of the serious personal injury." *Id.*

Accordingly, we find this assignment of error to be without merit.

**[2]** By his next assignment of error defendant contends the trial court erred in failing to dismiss the felonious breaking or entering charge for insufficiency of the evidence.

N.C.G.S. § 14-54 (1986) defines both felonious and nonfelonious breaking or entering in pertinent part as follows:

(a) Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon.

(b) Any person who wrongfully breaks or enters any building is guilty of a misdemeanor and is punishable under G.S. 14-3(a) . . . .

The trial judge instructed the jury that if they found beyond a reasonable doubt that defendant had entered the Oxendine home without consent, intending to commit rape, then they should find him guilty of felonious breaking or entering. He also submitted the lesser included charge of nonfelonious breaking or entering and instructed the jury that, as to this charge, there was no requirement that the state prove that defendant entered the Oxendine home with intent to commit rape. The jury found the defendant guilty of nonfelonious breaking or entering as provided in N.C.G.S. § 14-54(b).

In order to convict under this section the state must show that defendant did break or enter a building unlawfully. *State v. Jones*, 264 N.C. 134, 141 S.E. 2d 27 (1965). Where defendant enters a building with the consent of the owner or anyone empowered to give effective consent to enter, such entry cannot be the basis for a conviction of breaking or entering. *State v. Boone*, 297 N.C. 652, 256 S.E. 2d 683 (1979). Conversely, a wrongful entry, *i.e.* without consent, will be punishable under this section. *Id.* at 655, 256 S.E. 2d 686.

Defendant contends all the evidence shows he had Ms. Oxendine's permission to enter the home on 13 August 1986. We disagree.

Although defendant presented evidence that permission to enter the home on 13 August 1986 was inferable because Ms. Oxendine expected him to return a pocketbook that she had left in his car, the state presented evidence to the contrary. The state's evidence showed no arrangements were made for the return of the pocketbook and defendant did not in fact have the pocketbook with him on the morning of the incident. Defendant admitted in a pretrial statement, offered against him by the state, that when he entered the Oxendine home that morning he "was not invited inside the house by anyone."

On a motion to dismiss the evidence must be taken in the light most favorable to the state and the state must be given the benefit of every reasonable inference deducible therefrom. *State v. Hardy*, 299 N.C. 445, 263 S.E. 2d 711 (1980). Considering the evidence in the light most favorable to the state, we conclude there was sufficient evidence from which a jury could have concluded beyond a reasonable doubt that defendant's entry into the home was nonconsensual and, therefore, wrongful. We overrule this assignment of error.

[3] Defendant complains further that the trial judge committed reversible error in admitting the testimony of medical personnel who were present when Ms. Oxendine was admitted to the hospital.

Frances Prevatte, assistant director of nursing, testified that on the morning of 13 August 1986 Ms. Oxendine told her that she was afraid of the defendant and requested that the defendant not be allowed near her. Wanda Burns, a registered nurse, also testified that on 13 August 1986 Ms. Oxendine had stated that she was "scared," but that she would not say why she was frightened. Defendant's objection to the testimony was overruled.

Defendant asserts that the statements made to the medical personnel were inadmissible as hearsay. We disagree.

N.C. R. Evid. 803 contains what is commonly known as the "state of mind" exception to the hearsay rule and provides as follows:

**Hearsay exceptions; availability of declarant immaterial.**

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

(3) Then Existing Mental, Emotional, or Physical Condition. — A statement of the declarant's then existing state of mind [or] emotion . . . .

This rule is virtually identical to the federal rule. *See* Commentary, N.C. R. Evid. 803. Evidence tending to show a presently existing state of mind is admissible if the state of mind sought to be proved is relevant and the prejudicial effect of the evidence does not outweigh its probative value. *State v. Dangerfield*, 32 N.C. App. 608, 233 S.E. 2d 663, *disc. rev. denied*, 292 N.C. 642, 235 S.E. 2d 63 (1977); 1 Brandis on North Carolina Evidence § 162(a) (1982).

We are satisfied that Ms. Oxendine's statements to Nurses Prevatte and Burns were admissible under Rule 803(3); and we disagree with defendant's contention that the statements describe a past, rather than an existing, mental condition. The statements Ms. Oxendine made to Nurses Prevatte and Burns describe fear she was presently experiencing in the trauma room. Ms. Oxendine made the statements only three hours after she had been assaulted. She knew defendant was still present in the hospital, and she requested he be kept away from her. Finally, as Ms. Oxendine later testified, defendant had threatened to harm her if she told anyone what had actually happened.

Ms. Oxendine's state of mind in the trauma room was relevant to the issue of whether the sexual intercourse was committed by force and against her will. The statements, therefore, were admissible under the 803(3) exception to the hearsay rule.

[4] Defendant next challenges the admission of the testimony of Nurse Burns concerning a conversation she had with Ms. Oxendine on the day following the incident, 14 August 1986. According to Nurse Burns' testimony, Ms. Oxendine then stated that on 13 August 1986 she had been afraid to give a true account of what had happened because defendant had threatened her. Ms. Oxendine told Nurse Burns that defendant had entered her home without her knowledge, awakened her, assaulted her, had vaginal and

oral intercourse with her and had then driven her to the hospital to get medical attention. Defendant's motion to strike this testimony was denied.

Defendant argues that Nurse Burns' testimony regarding the conversation was inadmissible hearsay. Alternatively, he contends even if the testimony was used for the nonhearsay purpose of corroboration the statements were inadmissible because they were inconsistent with, and not corroborative of, the victim's testimony at trial.

Nurse Burns' testimony concerning the conversation and defendant's objections thereto are reported in the record as follows:

Q. Did you have any conversation, then, about how she got in the condition she was in?

OBJECTION.

OVERRULED.

A. Yes.

Q. What did she tell you had happened to her?

[Nurse Burns]: I asked her why she couldn't tell me the day before that she had been raped and she said that Eric had threatened her life and that she was scared—

MOVE TO STRIKE.

[Nurse Burns]: —to tell anybody.

DENIED.

[Nurse Burns]: I asked her to describe what he had done to her and she told me that he broke in the house . . . beat her . . . had sexual intercourse with her . . . and drove her to the emergency room, because he was afraid that he had hurt her bad enough that she needed medical care.

MOVE TO STRIKE.

DENIED.

This evidence was properly admitted as being corroborative of Ms. Oxendine's trial testimony. One of the most widely used

and well-recognized methods of strengthening the credibility of a witness is by the admission of prior consistent statements. *State v. Carter*, 293 N.C. 532, 238 S.E. 2d 493 (1977). If previous statements offered in corroboration are generally consistent with the witness's testimony, slight variations between them will not render the statements inadmissible. Such variations only affect the credibility of the evidence which is always for the jury. *State v. Case*, 253 N.C. 130, 116 S.E. 2d 429 (1960), *cert. denied*, 365 U.S. 830, 5 L.Ed. 2d 707 (1961); *State v. Walker*, 226 N.C. 458, 38 S.E. 2d 531 (1946).

Despite defendant's contentions to the contrary, Ms. Oxendine's testimony at trial was practically identical to the statements attributed to her by Nurse Burns. Ms. Oxendine testified, "Eric [defendant] told me if I told them what happened, he would get me." She also described what defendant actually did to her on the morning of the incident. This description was almost identical to the statements Nurse Burns testified Ms. Oxendine made to her.

Therefore, Nurse Burns' testimony was properly admitted for the nonhearsay purpose of corroborating Ms. Oxendine's testimony.

In defendant's trial we find no error.

No error.