STATE OF NORTH CAROLINA v. DAVID THOMAS CARVER

No. 8915SC241

(Filed 7 November 1989)

1. **Burglary and Unlawful Breakings § 5.7 (NCI3d)— breaking or entering motor vehicle—no evidence as to vehicle owner's lack of consent—evidence not required**

   In a prosecution for breaking or entering a motor vehicle, there was no merit to defendant's contention that the case should have been dismissed because the State failed to present testimonial evidence concerning consent or lack of consent of the owner of the vehicle, since N.C.G.S. § 14-56 does not make absence of consent an element of the offense, and since testimonial evidence presented by the State firmly established that the car door had been locked, thus indicating lack of consent to defendant's entry into the car.

   **Am Jur 2d, Burglary §§ 7, 50.**

2. **Burglary and Unlawful Breakings § 1 (NCI3d)— breaking or entering of motor vehicle—willful injury to or tampering with vehicle not lesser included offense**

   N.C.G.S. § 20-107 which prohibits the willful injury to or tampering with or removing parts from a vehicle without the consent of the owner is not a lesser included offense of N.C.G.S. § 14-56 which prohibits the breaking or entering of any motor vehicle with intent to commit any felony or larceny therein; moreover, where all of the evidence presented by the State unerringly showed that defendant committed the crime of breaking or entering a motor vehicle with the intent

STATE v. CARVER

[96 N.C. App. 230 (1989)]

to commit a felony therein, the trial court did not err in failing to submit as a possible verdict the offense of willful injury or tampering with a vehicle to the jury.

**Am Jur 2d, Burglary §§ 7, 24, 52.**

3. **Criminal Law § 786 (NCI4th)— compulsion, duress, or coercion—instruction not required**

In a prosecution of defendant for breaking or entering a motor vehicle, the trial court did not err by refusing to give a jury instruction on compulsion, duress, or coercion where the evidence tended to show that an employee search party found defendant inside a car which had been locked in an employee parking lot; one of the employees carried a tomato stick but at no time raised it so as to place defendant in fear of bodily harm; defendant presented no evidence to support an assertion of threats of bodily harm or a reasonable belief of immediate death by the employee search party; and his statement that he had seen someone and was trying to hide because people might think he was "up to something" imports nothing more than a self-induced fear of being caught.

**Am Jur 2d, Burglary § 67.**

APPEAL by defendant from *Stephens, Donald W., Judge.* Judgment entered 25 October 1988 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 21 September 1989.

Defendant was tried and convicted of breaking or entering a motor vehicle, pursuant to G.S. sec. 14-56. From a judgment imposing an active sentence of two years, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Douglas A. Johnston, for the State.*

*Jacobs & Livesay, by Robert J. Jacobs, for defendant-appellant.*

JOHNSON, Judge.

Uncontroverted evidence presented by the State showed the following: On 20 July 1988, defendant, David Carver, was observed in a stooped position beside a car in the employees' parking lot of Coplan Fabrics. Several employees were notified of the activity and plant gates were closed in preparation of a search. During

the search that subsequently ensued, an employee picked up a tomato stick and carried it "like a walking stick."

A search of several cars effected the capture of the defendant. He was found lying down on the front seat of a car that was later identified as belonging to Donald Wrenn, the son of a Coplan Fabrics' employee. When found by an employee (the employee carrying the tomato stick), no yelling, threats, name calling or physical contact was made toward the defendant. After lying about his identity, defendant informed the employees (conducting the search) that he was in the car since "he had seen someone and he was trying to hide because people might think he was up to something."

Larry Hunt, a deputy sheriff at the Alamance County Sheriff's Department, was called to investigate the incident. He examined the car and found no visible marks or scratches, but did notice an open glove compartment. A search of the car, however, was not conducted. Defendant was thereafter arrested.

Donald Wrenn (owner of the car) was notified of the incident and was asked to inspect the car for possible damage or theft. Mr. Wrenn later testified that during his examination of the car, he "noticed that the area along the stereo under the glove box had been pried and bent back all the way across as though someone tried to remove the stereo." He further testified that he found a stick "made like a police blackjack stick laying up under some pieces of carpet in the car," and that "the buttons on the stereo were switched, as though they had been taken off and then replaced hurriedly."

[1] On appeal, defendant brings forth three questions for the Court's review. In his first Assignment of Error, defendant contends that the trial court erred by denying the motion to dismiss. To support his contention, defendant points to the State's failure to present testimonial evidence concerning consent or lack of consent of the owner of the vehicle.

The trial court denied the motion to dismiss based upon circumstantial evidence from which lack of consent (to be in the car) of the owner was inferred. *State v. Locklear*, 320 N.C. 754, 759, 360 S.E.2d 682, 684-85 (1987). While it is true that no direct evidence was presented as to consent or lack thereof by Mr. Wrenn, it is also true that G.S. sec. 14-56 does not make absence of consent an element of the offense. Nevertheless, testimonial evidence

presented by the State firmly established that the car door had been locked.

In determining whether the State presented sufficient evidence to sustain the denial of a motion to dismiss, all evidence must be viewed and considered

> in the light most favorable to the State, and the State is entitled to . . . every reasonable inference to be drawn therefrom. . . . Contradictions and discrepancies are for the jury to resolve. . . . All of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is considered by the Court. . . . If there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that defendant committed it, a case for the jury is made. . . . State v. Thompson, 59 N.C. App. 425, 427, 297 S.E.2d 177, 179 (1982).

Utilizing this standard, the direct testimony of Cleatus Wrenn (the car owner's father and actual driver of the car on 20 July 1988) that he had locked the car when he arrived at work, considered in the light most favorable to the State, clearly indicates lack of consent to defendant's entry into the car. The trial court's findings that the offense charged had been committed and that the defendant committed it is amply supported by the evidence. As such, defendant's motion to dismiss was properly denied.

[2] By his second Assignment of Error, defendant argues that the court erred in failing to instruct the jury on a lesser included offense of willful injury or tampering with or removing parts from a vehicle without the consent of the owner. Specifically, defendant contends that G.S. sec. 20-107(a) is a lesser included offense of G.S. sec. 14-56. A lesser included offense is "one composed of some, but not all, of the elements of the greater crime, and which does not have any element not included in the greater offense." Black's Law Dictionary 812 (5th ed. 1979).

G.S. sec. 20-107(a) prohibits "[a]ny person . . . [from] willfully injur[ing] or tamper[ing] with any vehicles or break[ing] or remov[ing] any part or parts of or from a vehicle without the consent of the owner." However, G.S. sec. 14-56 prohibits "any person, with the intent to commit any felony or larceny therein, [from] break[ing] or enter[ing] any . . . motor vehicle." While most of the elements

of G.S. sec. 20-107(a) are present in G.S. sec. 14-56, neither injuring or tampering with the vehicle itself nor breaking or removing a part of it (the car) are part of the greater offense. G.S. sec. 14-56.

In addition thereto, all of the evidence is uncontradicted. This Court has held that, "[i]n the absence of a conflict in the evidence, the contention that the jury might accept the evidence in part and reject it in part is not sufficient to require an instruction on a lesser included offense." *State v. Coats*, 46 N.C. App. 615, 617, 265 S.E.2d 486, 487 (1980). "It is the task of the jury alone to determine the weight and credibility of the evidence, and to determine the facts." *Id.* The duty of "[i]nstructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor." *State v. Martin*, 2 N.C. App. 148, 151, 162 S.E.2d 667, 670 (1968) (emphasis in original).

Here, all of the evidence presented by the State unerringly showed that defendant committed the crime of breaking and entering a motor vehicle with the intent to commit a felony therein. The State's evidence further showed that defendant was interrupted in his mission by the employee search party. Thus, the mere fact that defendant was unsuccessful in his effort to commit a felony does not entitle him to a charge on the lesser degree of the crime charged. *State v. Thomas*, 52 N.C. App. 186, 196, 278 S.E.2d 535, 542 (1981). We hold therefore that the trial court did not err in failing to submit the offense of willful injury or tampering with a vehicle to the jury, as a possible verdict.

[3] Defendant, by his third Assignment of Error, contends that the trial court erred by refusing to give a jury instruction on compulsion, duress or coercion. Defendant argues that he acted under duress which was derived from fear of the search party. We find this to be meritless.

As a general rule, with respect to criminal charges, a defense of either duress or coercion "cannot be invoked as an excuse by one who had a reasonable opportunity to avoid doing the act without undue exposure to death or serious bodily harm." *State v. Kearns*, 27 N.C. App. 354, 357, 219 S.E.2d 228, 230-31 (1975). The defense of duress or coercion can, however, be invoked if the duress or coercion is present, imminent or impending. *Id.* There must also

be "a well-grounded apprehension of death or serious bodily harm if the act is not done." *Id.*

In the case *sub judice,* defendant presented no evidence to support an assertion of threats of bodily harm and/or a reasonable belief of immediate death by the employee search party. As a means of supporting his assertion of a threat of bodily harm, defendant makes reference to the tomato stick which was carried by a member of the employee search party. The evidence clearly indicates, however, that the employee carried this tomato stick "like a walking stick," and at no time raised it so as to place the defendant in fear of bodily harm. Defendant also attempts to support this assertion by making reference to the statement he made when questioned by the employee search party. Defendant's statement that "he had seen someone and he was trying to hide because people might think he was up to something" imports nothing more than a self-induced fear of being caught. Defendant cannot avoid punishment by hiding behind the defense of either duress or coercion when he in fact was in control of the circumstances and had a reasonable opportunity to avoid the outcome.

We have carefully reviewed the record and find that defendant had a fair trial free from prejudicial error.

No error.

Judges WELLS and ORR concur.