**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jessie Lee MANESS, Defendant–**
**Appellant.**

No. 93–5867.

United States Court of Appeals,
Sixth Circuit.

Submitted March 15, 1994.

Decided May 4, 1994.

Ed Schmutzer, Asst. U.S. Atty. (briefed), Knoxville, TN, for plaintiff-appellee.

Kim A. Tollison (briefed), Federal Defender Services, Knoxville, TN, for defendant-appellant.

Before: MARTIN, RYAN, and SUHRHEINRICH, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge, delivered the opinion of the court, in which SUHRHEINRICH, Circuit Judge, joined. RYAN, Circuit Judge (p. ——), delivered a separate concurring opinion.

BOYCE F. MARTIN, Jr., Circuit Judge.

Claiming that the district court improperly considered prior North Carolina burglary convictions as violent felonies for the purpose of enhancing his sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), Jessie Lee Maness appeals the sentence imposed by the district court. For the following reasons, we affirm the district court.

## I. Facts

On June 16, 1992, officers in Loudon County, Tennessee attempted to stop a car driven by Maness after receiving a telephone call that the driver of the car was intoxicated. Maness sought to evade the officers, but was finally apprehended at a roadblock. The officers then searched the car and found a loaded .38 caliber six-shot revolver.

A federal grand jury subsequently returned a one-count indictment charging Maness with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On November 20, the United States filed a notice specifying Maness as an "armed career criminal" within the meaning of the Armed Career Criminal Act. The Act provides for a minimum fifteen-year term of imprisonment if a defendant is convicted of violating Section 922(g) and has previously been convicted of three violent felonies, committed on different occasions. 18 U.S.C. § 924(e). In support of the enhanced sentence, the United States offered evidence of Maness' three North Carolina burglary convictions. The first two convictions occurred on May 28, 1980, and the third conviction occurred on September 29, 1987. Although Maness was convicted of the initial two burglary charges on the same day, the underlying events took place on different occasions.

On November 24, Maness pled guilty to the single count of the indictment pursuant to the provisions of a plea agreement with the United States. The district court initially sentenced Maness to six years and five months of imprisonment, to be followed by three years of supervised release. In light of Maness' prior convictions and the sentencing enhancements dictated by the Armed Career Criminal Act, however, the district court resentenced Maness to a fifteen-year term of imprisonment and five years of supervised release on June 15, 1993. This timely appeal followed.

## II. Analysis

Maness argues that the district court erred in enhancing his sentence based on his prior burglary convictions, claiming that a conviction under Section 14–54 of the General Statutes of North Carolina is not necessarily a violent felony and, therefore, cannot be used to support a finding that he is an armed career criminal within the meaning of Section 924(e). The North Carolina statute provides, in pertinent part, "[a]ny person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as ... a felon." N.C.GEN.STAT. § 14–54. Because the North Carolina statute requires only a breaking *or* entering, Maness maintains that his convictions under this statute are not violent felonies. We disagree.

Maness presents us with a question concerning the definition of Section 924(e). Because the interpretation of a statute is a matter of law, we review Maness' claim *de novo. United States v. Brady,* 988 F.2d 664, 666 (6th Cir.1993) (district court's interpretation of Armed Career Criminal Act is reviewed *de novo).*

For a felon possessing a firearm in violation of 18 U.S.C. § 922(g)(1), the Armed Career Criminal Act imposes a mandatory minimum sentence of fifteen years of imprisonment, if the defendant has three prior convictions for "violent felonies ... committed on occasions different from one another." 18 U.S.C. § 924(e). Accordingly, we consider (1) whether Maness was convicted of three violent felonies, and (2) whether the offenses were committed on different occasions.

## A. Violent Felonies

Section 924(e)(2)(B) includes burglary in its definition of a violent felony. In *Taylor v. United States,* 495 U.S. 575, 598, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990), the Supreme Court settled a dispute among lower courts as to what constitutes a burglary for purposes of Section 924(e). Adopting a term that is more commonly used to describe prescription drugs than criminal conduct, the *Taylor* court defined a "generic" burglary as "any crime ... having the basic elements of unlawful or unprivileged entry into or remaining in a building or structure, with intent to commit a crime." *Id. Taylor* provides that a prior conviction meets the generic definition of a burglary where (1) the language of the statute, under which the defendant was convicted, substantially corresponds with the generic burglary definition; or (2) regardless of the exact language of the underlying statute, the charges brought against the defendant contained all of the elements of a generic burglary. *Id.* at 602, 110 S.Ct. at 2160. Because the Supreme Court has chosen the term "generic," we employ that expression as well.

### 1. The Language of the North Carolina Statute

The United States claims that the North Carolina burglary statute meets the definition of a generic burglary under *Taylor.* In determining whether Section 14–54 substantially corresponds with the generic burglary definition, we must consider the least objectionable conduct that would violate this statute. *See United States v. Bowden,* 975 F.2d 1080 (4th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1351, 122 L.Ed.2d 732 (1993) (noting the court's obligation to "assume that [the defendant] gained entry without breaking"). If, therefore, Section 14–54 prohibits any conduct that does not rise to the level of a generic burglary, then the language of the statute does not substantially correspond to a generic burglary, and convictions under the North Carolina statute, without more, will not support a Section 924(e) sentence enhancement.

Two of our sister circuits have previously considered Section 14–54, in light of the Armed Career Criminal Act. While we agree with their results, we cannot adopt their reasoning. In *United States v. Anderson,* 921 F.2d 335, 340 (1st Cir.1990), the First Circuit did not expound on its conclusory statement that a "North Carolina conviction for breaking and entering clearly qualifies as a predicate offense under the *Taylor* definition." The Fourth Circuit reached the same conclusion in *United States v. Bowden,* 975 F.2d 1080, 1084–85 (4th Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1351, 122 L.Ed.2d 732 (1993), stating, "[c]ertainly the entry of a man who enters without breaking with intent to commit a felony or larceny is neither lawful nor privileged."

Because North Carolina is located within the Fourth Circuit, we would usually defer to the Fourth Circuit's prediction of an issue of first impression regarding North Carolina state law. *Factors Etc., Inc. v. Pro Arts, Inc.,* 652 F.2d 278, 283 (2nd Cir.1981), *cert. denied,* 456 U.S. 927, 102 S.Ct. 1973, 72 L.Ed.2d 442 (1982). However, we do not adopt the Fourth Circuit's reasoning for two reasons. First, we believe that the Fourth Circuit's interpretation of Section 14–54 does not satisfy *Taylor's* definition of a generic burglary. In defining a generic burglary, the *Taylor* court specifically set forth two separate and distinct elements: (1) "unlawful or unprivileged entry into, or remaining in a

building or structure," and (2) "intent to commit a crime." *Taylor*, 495 U.S. at 598, 110 S.Ct. at 2157. According to the *Bowden* court, the intent to commit a crime necessarily qualifies an entry as unprivileged or unlawful. Were this the case, we believe that the *Taylor* court would simply have required the single element of intent; to do otherwise would be redundant. Thus, under *Taylor*, a court may not conclude that the unlawful or unprivileged entry element of a generic burglary is satisfied by determining, without more, that entry was accompanied by the intent to commit a crime.

More importantly, even if we were persuaded that the unprivileged entry element of a generic burglary could be satisfied by merely finding an entry with the intent to commit a crime, we are obligated to disregard *Bowden* because, in deciding that case, the Fourth Circuit did not follow a contrary prior state supreme court decision. *See Factors Etc.*, 652 F.2d at 283 ("A federal court in another circuit would be obligated to disregard a state law holding by the [court of appeals within which the state is located] if persuaded that ... prior state court decisions had been inadvertently overlooked."). In *State v. Boone*, 297 N.C. 652, 256 S.E.2d 683, 686 (N.C.1979), the North Carolina Supreme Court rejected the position taken by the *Bowden* court, concluding instead that, "an entry, even with felonious intent, cannot be punished when it is with the owner's consent." The *Boone* court also held that such consent could be either express or implied. *Id.* at 687. As the court went on to note, a contrary interpretation of Section 14-54 would:

> render the statute so broad as to make it virtually meaningless. A witness entering a court house intending to commit perjury would be guilty of felonious entry. Equally guilty would be a man entering his own home or office intending to file a fraudulent tax return. If such persons do that which they intend, they will commit criminal acts; but their crimes should only be, respectively, perjury and tax evasion—not felonious entry.

*Id.* at 687 (citations omitted).

Thus, we believe that the Fourth Circuit's interpretation of Section 14-54 would not necessarily satisfy the *Taylor* court's two-element definition of a generic burglary. However, because Section 14-54, as defined by the North Carolina Supreme Court, requires both an unlawful or unprivileged entry and the intent to commit a crime within, we believe that Section 14-54 substantially corresponds to the generic definition of burglary.

### 2. The Defendant's Prior Convictions

■ While we believe that Section 14-54 substantially corresponds to the definition of a generic burglary under *Taylor*, we also conclude that Maness was actually convicted of three generic burglaries. As the *Taylor* court explained, "an offense constitutes 'burglary' for purposes of a [Section] 924(e) sentence enhancement if ... the charging paper and jury instructions actually required the jury to find all of the elements of generic burglary in order to convict the defendant." *Taylor*, 495 U.S. at 602, 110 S.Ct. at 2160. In undertaking this analysis, however, the trial court is not limited to situations where the defendant's prior conviction was the result of a jury verdict. The district court may also find that the defendant actually committed a generic burglary when, as here, the defendant pled guilty to charges that contained all of the elements of a generic burglary. *United States v. Barney*, 955 F.2d 635 (10th Cir.1992); *United States v. Garza*, 921 F.2d 59 (5th Cir.1991); *United States v. Taylor*, 932 F.2d 703 (8th Cir.1991); *United States v. O'Neal*, 937 F.2d 1369 (9th Cir. 1990); *United States v. McConnell*, 916 F.2d 448 (8th Cir.1990).

■ With regard to the Maness' two 1980 convictions, review of the transcript of the guilty pleas and the indictments indicate that Maness pled guilty to charges that contain the elements of a generic burglary. Additionally, the indictment returned against Maness for the 1987 offense charges that Maness "unlawfully, willfully and feloniously did break and enter a building ... with the intent to commit a felony therein." Thus, the indictments returned against Maness and the transcript of his guilty pleas indicate that, regardless of the exact language of

Section 14–54, Maness pled guilty in all three cases to charges that contain the elements of a generic burglary, as defined by *Taylor*.

## B. Different Occasions

██ We now turn to the question of whether two of Maness' prior burglary convictions occurred on occasions different from one another. Although two of Maness' prior convictions occurred on May 28, 1980, the criminal conduct underlying these two convictions took place at separate locations and on different days. In *United States v. Brady,* 988 F.2d 664, 669 (6th Cir.) (en banc), *cert. denied,* —— U.S. ——, 114 S.Ct. 166, 126 L.Ed.2d 126 (1993), this Court recently held that "offenses committed by a defendant at different times and places and against different victims ... should be counted as separate predicate convictions under [Section] 924(e)(1)." Therefore, consistent with this Court's decision in *Brady*, we conclude that the district court properly regarded Maness' 1980 offenses as occurring on different occasions.

## III. Conclusion

We conclude that Maness was convicted of a generic burglary under either mode of analysis for determining whether an offense constitutes a burglary, under *Taylor*, for purposes of a Section 924(e) sentence enhancement. Furthermore, consistent with this Court's past decisions, we find that Maness' prior crimes were committed on separate occasions. Thus, the district court properly considered Maness' prior convictions as violent felonies and enhanced his sentence pursuant to the Armed Career Criminal Act.

For the foregoing reasons, the judgment of the district court is affirmed.

RYAN, Circuit Judge, concurring.

It is inappropriate, in my view, to look to the facts underlying the defendant's prior burglary convictions in order to decide whether those crimes are violent felonies for the purpose of enhancing the defendant's sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). In doing so, the majority opinion comes perilously close to doing what the Supreme Court expressly forbids in *Taylor v. United States,* 495 U.S. 575, 600–03, 110 S.Ct. 2143, 2159–60, 109 L.Ed.2d 607 (1990). *Taylor* instructs us to look to the statutory definitions of the prior offenses and *not* to the particular facts underlying those convictions. *Id.*

The defendant's prior convictions under the North Carolina statute, N.C.GEN.STAT. 14–15(a), are for violent felonies within the meaning of 18 U.S.C. § 924(e) if section 14–54(a) charges "generic burglary" as defined in *Taylor*, 495 U.S. at 598–99, 110 S.Ct. at 2158. The statute charges "generic burglary" if the "entry" it proscribes means "unlawful or unprivileged entry." *Id.* at 598, 110 S.Ct. at 2158. According to the North Carolina Supreme Court, it does. In *State v. Boone,* 297 N.C. 652, 256 S.E.2d 683 (1979), the court held that the "entry" proscribed in section 14–54(a) is "wrongful entry, i.e., without the consent of the owner." *Id.* 256 S.E.2d at 685.

Therefore, section 14–54(a) charges a "generic burglary"; a "violent felony" within the meaning of 18 U.S.C. § 924(e).