62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jessie L. MANESS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5282.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1995.
 
 Before: JONES, GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Jessie L. Maness, a pro se federal prisoner, appeals a district court judgment denying his motion for a reduction in his sentence, construed to be filed as a motion to vacate his sentence under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Maness pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). Based upon his previous convictions, he was sentenced to 15 years of imprisonment as an armed career criminal under 18 U.S.C. Sec. 924(e). A panel of this court affirmed his sentence on appeal. United States v. Maness, 23 F.3d 1006 (6th Cir.), cert. denied, 115 S.Ct. 271 (1994).
 
 
 3
 In his motion to vacate his sentence, Maness argued that his conviction for being a felon in possession of a firearm cannot be used to trigger an enhancement under the Armed Career Criminal Act. Upon review, the district court denied the motion as without merit. Maness has filed a timely appeal, reasserting his same claim.
 
 
 4
 Upon review, we conclude that the district court properly denied Maness's motion to vacate his sentence. In order to obtain relief on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 5
 Maness is barred from seeking relief on this claim. This claim could have been but was not raised on direct appeal. Under these circumstances, in order to obtain review, Maness must demonstrate cause and prejudice to excuse his failure to raise his claim on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Maness has not asserted any cause for his failure to raise his claim on direct appeal and it is clear that he can show no prejudice as the claim is without merit.
 
 
 6
 The district court properly sentenced Maness because the Armed Career Criminal Act specifically provides that any person who violates Sec. 922(g) and has three prior convictions for violent felonies or drug trafficking offenses shall be sentenced not less than fifteen years. See 18 U.S.C. Sec. 924(e); United States v. Seaton, 45 F.3d 108, 110 (6th Cir.), petition for cert. filed, (U.S. Apr. 17, 1995); United States v. Kaplansky, 42 F.3d 320, 322 (6th Cir.1994).
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.