STATE OF NORTH CAROLINA v. ROBERT LEE SPELLER

No. 792SC528

(Filed 20 November 1979)

1. **Burglary and Unlawful Breakings § 1.2— entry into store—concealment in area not open to public—voidness of consent to entry**

    Defendant's act of concealing himself in a store area not open to the public well beyond the closing of business hours for the store for the purpose of participating in a theft voided consent by the store owner to his entry into the store and rendered him subject to prosecution for felonious entry.

2. **Larceny § 7.8— taking guns from case and placing in box—taking and asportation**

    Evidence that thieves took guns from a gun case and placed them in a box behind the case was sufficient evidence of a taking and asportation to support a conviction of larceny.

APPEAL by defendant from *Fountain, Judge*. Judgments entered 5 April 1979 in Superior Court, MARTIN County. Heard in the Court of Appeals 18 October 1979.

Defendant was tried on charges of felonious breaking or entering, felonious larceny and being an habitual felon. He was found guilty on all charges and sentenced to prison.

The State presented the following evidence at trial. Shortly after midnight, on 16 March 1979, a police officer responded to an alarm in the Giant Discount Store in Williamston. He checked all windows and doors on the first floor and found them secure. The store manager was called to open the store. A gun display case on the first floor had been broken open. Officers searched the upper story of the building, which was not a public area, and found defendant hiding under some boards. Nineteen handguns missing from the display case, two walkie-talkies and a pair of binoculars were found in a cardboard box hidden behind the case. The merchandise was valued at $2,918.89.

Defendant testified that he and two other persons were looking for some handguns. They entered the Giant Discount Store, and, while the other two kept the clerk busy, defendant went upstairs and concealed himself in the storage area. Later, pursuant to plan, the other two knocked at the rear door. Defendant told them to come to the roof. A skylight was opened and the two

came in and went to the first floor. Defendant stationed himself on the roof. When the police officers arrived, defendant stayed on the roof for a while. When an officer crawled onto the roof of an adjacent store building, defendant crawled back into the store. He was there discovered by the officers. He did not know how the other two got out.

*Attorney General Edmisten, by Associate Attorney Benjamin G. Alford, for the State.*

*Griffin and Martin, by Clarence W. Griffin, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant contends that his entry was lawful and that, therefore, he cannot be convicted of felonious breaking or entering. Felonious entry is a statutory crime. G.S. 14-54(a). "[A] person cannot be convicted of felonious entry into a store or place of business during normal business hours through a door open to the public because there has not been an unauthorized or unpermitted entry." *State v. Boone,* 39 N.C. App. 218, 219, 249, S.E. 2d 817, 819 (1978), *modified and affirmed,* 297 N.C. 652, 256 S.E. 2d 683 (1979). Defendant entered the building during normal business hours. Thereafter, however, without the consent of the owner, he went into an area not open to the public and there secreted himself. He remained concealed until well beyond the closing of business hours for the store for the purpose of participating in a theft. These acts voided any consent to the entry. Going into an area not open to the public and remaining hidden there past closing hours made the entry through the front door open for business unlawful. *See State v. Boone,* 297 N.C. 652, 659, n. 3, 256 S.E. 2d 683, 687 n. 3 (1979).

[2] Defendant also contends the larceny charge should not have reached the jury because, he argues, the State failed to show a taking of the goods. The handguns were removed from a locked case and placed in a cardboard box which was found hidden behind the gun case. In *State v. Carswell,* 296 N.C. 101, 249 S.E. 2d 427 (1978), a defendant and a companion took an air conditioning unit from a motel window and moved it to the floor four to six inches towards the door. The court held this sufficient evidence of a taking and asportation to support a conviction of larceny. Quot-

ing from 4 W. Blackstone, Commentaries *231, the Court said " '[a] bare removal from the place in which he found the goods, though the thief does not quite make off with them, is a sufficient asportation or carrying away.' " *Id.* at 103, 249 S.E. 2d at 428. In this case, the thieves took the guns from the gun case and placed them in a box behind the case. During that interval, the guns were under the control of the thieves and severed from the possession of the owner. The crime of larceny was thereby completed. We find no error in defendant's trial.

No error.

Judges ERWIN and HILL concur.