STATE OF NORTH CAROLINA v. ANTHONY LEE WINSTON

No. 7912SC712

(Filed 5 February 1980)

1. **Burglary and Unlawful Breakings § 2— breaking or entering of building—office of clerk of court**

    The office of the clerk of superior court in a county courthouse is a "structure designed to house or secure within it any activity or property" within the meaning of G.S. 14-54(c) and therefore is by statutory definition a "building" within the meaning of G.S. 14-54(b), and even though the office is open to the public, it is still protected by the statute during the time that it is not open for public business.

State v. Winston

2. **Burglary and Unlawful Breakings § 5.9— wrongful entry of office of assistant clerk of court—insufficient evidence**

The State's evidence was insufficient for the jury in a prosecution for wrongful entry into an office in a county courthouse in violation of G.S. 14-54(b) where it tended to show that the office was occupied by an assistant clerk of court who handled adoptions, foreclosures and other business of the clerk of court, and that defendant entered the office between 1:00 and 2:00 p.m. while it was open for public business and thus had implied consent to enter the office.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 27 March 1979 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 10 January 1980.

Defendant was convicted of wrongfully entering an office in the Cumberland County Courthouse in Fayetteville, North Carolina, a violation of N.C.G.S. 14-54(b). From a sentence of imprisonment, defendant appeals.

The state's evidence shows that 4 January 1979 was a regular working day for the employees of the Clerk of Superior Court of Cumberland County. The office in question is located on the first floor of the courthouse and is occupied by Irene Russell, assistant clerk, who handles adoptions, foreclosures and "anything anybody needs me to do." There is a corridor connecting this office to a large hallway in front of the civil division offices of the clerk. There are no signs indicating that either the corridor or the office is private or that the general public should "keep out." Other areas in the courthouse do have such signs informing the public of the private nature of those areas.

A "break room" is located to the left of this office and Ms. Russell was in it between 1:00 and 2:00 p.m. when defendant entered the office. Before he entered, the door to the office was partially closed. Ms. Russell saw defendant enter and sent another clerk to inquire what he wanted. Defendant said he was looking for the public defender's office and was going to leave a note for him. The public defender's office is in the courthouse.

No one gave defendant permission to enter the office and nothing was taken from the office. Defendant was arrested at the scene and charged with this offense.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney James C. Gulick, for the State.*

*John G. Britt, Jr., for defendant appellant.*

MARTIN (Harry C.), Judge.

We hold the trial judge erred by denying defendant's motion to dismiss the action at the close of the state's evidence. N.C. Gen. Stat. 15A-1227(a)(1). For the state to survive the motion to dismiss, it must present evidence that defendant entered a building within the meaning of N.C.G.S. 14-54(b) and that he did so wrongfully, that is, that he entered without any consent or permission of the owner or occupant. *State v. Boone*, 39 N.C. App. 218, 249 S.E. 2d 817 (1978), *modified and aff'd*, 297 N.C. 652, 256 S.E. 2d 683 (1979). *See* N.C.P.I.—Crim. 214.34 (1978).

[1] Defendant contends that the office of the clerk is not protected by N.C.G.S. 14-54(b) as it is not a "building." We hold the office of the clerk in the Cumberland County Courthouse is a "structure designed to house or secure within it any activity or property" within the meaning of N.C.G.S. 14-54(c) and therefore is by statutory definition a "building" under N.C.G.S. 14-54(b). The office is designed to house the activities of an assistant clerk of court and to secure the property of the clerk. Even though an office may be open to the public, it is still protected by the statute during the time that it is not open for public business.

[2] We turn to the question of whether defendant's entry was wrongful.

The office in question is located in the public courthouse of Cumberland County. It is used to handle adoptions, foreclosures and other business of the clerk of court, a public official. These functions necessarily require the general public to have access to the office and the evidence indicates that members of the general public do use the office. It was open for public business when entered by defendant between 1:00 and 2:00 p.m. The general public, including the defendant, had implied consent and invitation to enter the office at that time. *State v. Boone, supra.*

*Boone*, although dealing with a felonious entry under N.C.G.S. 14-54(a), is applicable to this case insofar as it discusses

the meaning of "entry." There, the Court held that to be wrongful, an entry must be without the consent of the owner or anyone empowered to give effective consent to entry.

The state's evidence here established that defendant entered the office during the time it was open to the public. We hold the entry was with the implied consent of the occupier of the premises. The evidence fails to disclose that the defendant after entry committed acts sufficient to render the implied consent void *ab initio*. Further, defendant was not tried upon that theory in superior court but upon the basis that his initial entry into the office was wrongful.

The judgment of the superior court is

Reversed.

Judges VAUGHN and WEBB concur.