STATE OF NORTH CAROLINA v. STEVEN LEWIS BROOKS

No. COA05-935

(Filed 20 June 2006)

**1. Burglary and Unlawful Breaking or Entering— entry beyond public area—initial consent void ab initio**

An entry with the owner's consent cannot be punished, even if it is with felonious intent, but subsequent conduct can render the consent void ab initio. The trial court here correctly denied motions to dismiss charges of felonious breaking or entering and felonious larceny where defendant entered a law firm which had a reception area open to the public, went beyond that area to commit a theft, and lied to a member of the firm about his reason for being there.

**STATE v. BROOKS**

[178 N.C. App. 211 (2006)]

**2. Evidence— videotapes not authenticated—activity admitted by defendant—admission not prejudicial**

There was no prejudicial error in the admission of videotapes that may not have been properly authenticated where defendant admitted the activity shown on the tapes.

Appeal by defendant from judgment entered 13 April 2005 by Judge Thomas D. Haigwood in Forsyth County Superior Court. Heard in the Court of Appeals 9 March 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Brent D. Kiziah, for the State.*

*Appellate Defender Staple Hughes, by Assistant Appellate Defender Matthew Wunsche, for defendant appellant.*

McCULLOUGH, Judge.

Steven Lewis Brooks (defendant) appeals from conviction and judgment for felonious breaking or entering and felonious larceny. We hold that defendant received a fair trial, free from prejudicial error.

Facts

On 18 August 2004 between 10:00 a.m. and 11:30 a.m., defendant and Janice Perkins entered the law offices of Grace Holt Tisdale & Clifton in Winston-Salem, North Carolina. The law firm is open to people seeking legal representation, and it is arranged so that people visiting the firm may enter the reception area. The firm's lawyers generally meet with clients in conference rooms, and access to the attorneys' offices is by permission only.

Attorney Michael Grace noticed Perkins, who had been a client in a previous criminal case. As Perkins had been told that she should not return to the firm after that case, Grace told her that she should not be there. A legal assistant witnessed defendant walking in the hallway from the back of the firm, and she asked defendant if she could help him. Defendant answered that he was looking for a lawyer and asked if attorney Mireille Clough was available. Upon receiving a negative response, defendant sat in a chair outside of Clough's office. Defendant then moved towards the firm's bathroom, and approximately one minute thereafter, exited the law firm.

Attorney Mireille Clough returned to the firm between 11:45 a.m. and noon, after being in court that morning. She placed a bag in one of the chairs in her office, retrieved some files, and left for court again. When she returned later in the day, Clough observed that her day planner and a wallet containing her credit cards were missing from her bag. She contacted her credit card company and was informed that her credit card had recently been used at a nearby Food Lion grocery store.

Attorney Donald Tisdale testified that he observed defendant exiting Clough's office at 1:30 p.m. on 18 August 2004. Upon noticing Tisdale, defendant asked whether Clough had returned from lunch. Tisdale replied that he would see if Clough had returned and then walked to his office to put something down. By the time Tisdale returned, defendant was gone.

The police procured a video of defendant and Perkins using Clough's credit card at the nearby Food Lion. Officers also seized four credit card receipts which indicated that Clough's credit card had been used at the Food Lion. While driving to interview a witness, Detective Gregory Dorn noticed Perkins on the porch of a home on Waughtown Street. Detective Dorn detained Perkins, entered the home, and found defendant sitting in the living room. Perkins accompanied Dorn, and other officers, to a location approximately one-quarter to one-half mile from the home, where the officers performed a search and located Clough's day planner. The police also found Clough's credit cards in a planter at the home on Waughtown Street.

Defendant was arrested. He confessed to entering the law office though, according to defendant, he diverted the attention of the secretary while Perkins stole Clough's personal items. Defendant further admitted to purchasing sixteen cases of beer and nine cartons of cigarettes with Clough's credit cards.

A Forsyth County jury convicted defendant of felonious breaking or entering and felonious larceny. The trial court sentenced defendant as an habitual felon to between 100 and 129 months of imprisonment. Defendant now appeals.

Legal Discussion

I.

In his first argument on appeal defendant contends that the trial court erred by denying his motions to dismiss the charges of

felonious breaking and entering and felonious larceny. This contention lacks merit.

A trial court should deny a motion to dismiss if, considering the evidence in the light most favorable to the State and giving the State the benefit of every reasonable inference, "there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* "[T]he rule for determining the sufficiency of evidence is the same whether the evidence is completely circumstantial, completely direct, or both." *State v. Wright*, 302 N.C. 122, 126, 273 S.E.2d 699, 703 (1981).

## A. Felonious Breaking or Entering

[1] Pursuant to section 14-54(a) of the General Statutes, "[a]ny person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon." N.C. Gen. Stat. § 14-54(a) (2005). Thus, "[t]he essential elements of felonious breaking or entering are (1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein." *State v. White*, 84 N.C. App. 299, 301, 352 S.E.2d 261, 262, *cert. denied*, 321 N.C. 123, 361 S.E.2d 603 (1987). The present defendant challenges only whether there was sufficient evidence of an illegal entry on his part.

"[A]n entry, even if with felonious intent, cannot be punished when it is with the owner's consent." *State v. Boone*, 297 N.C. 652, 657, 256 S.E.2d 683, 686 (1979). Our Supreme Court has held that, where a defendant "entered [a] store at a time when it was open to the public[, h]is entry was . . . with the consent, implied if not express, of the owner[, and could not] serve as the basis for a conviction for felonious entry." *Id.* at 659, 256 S.E.2d at 687.

However, the subsequent conduct of the entrant may render the consent to enter void *ab initio. State v. Speller*, 44 N.C. App. 59, 60, 259 S.E.2d 784, 785 (1979); *see also State v. Winston*, 45 N.C. App. 99, 102, 262 S.E.2d 331, 333 (1980) (reversing conviction for breaking or entering where a defendant entered with consent, and the record "fail[ed] to disclose that the defendant after entry committed acts sufficient to render the implied consent void *ab initio*."). This Court has upheld a conviction for breaking or entering where a defendant

entered a store during normal business hours, but subsequently secreted himself in a portion of the store which was not open to the public and remained concealed there so that he could perpetrate a theft after the store closed. *Speller*, 44 N.C. App. at 60, 259 S.E.2d at 785. Specifically, we held that defendant's actions in "[g]oing into an area not open to the public and remaining hidden there past closing hours made the entry through the front door open for business unlawful." *Id.*

In the instant case, the evidence tended to show that defendant entered a law office which was open to members of the public seeking legal assistance. The firm had a reception area where members of the public were generally welcome and also areas beyond this reception area which were not open to the public. When defendant entered the reception area of the firm, he did so with implied consent from the firm. However, defendant took action which rendered this consent void *ab initio* when he went into areas of the firm that were not open to the public so that he could commit a theft, and when he misinformed a member of the firm as to the reason for his presence in these areas. Therefore, defendant illegally entered the firm.

Accordingly, the State introduced substantial evidence to satisfy the breaking or entering element of felonious breaking or entering. The trial court did not err by denying defendant's motion to dismiss this charge.

## B. Felonious larceny

Larceny is the taking and carrying away of the property of another without the owner's consent with the intent to permanently deprive the owner of the property. *State v. Coats*, 74 N.C. App. 110, 112, 327 S.E.2d 298, 300, *cert. denied*, 314 N.C. 118, 332 S.E.2d 492 (1985). The crime of larceny is a felony, without regard to the value of the property in question, if the larceny is committed pursuant to a breaking or entering in violation of section 14-54 of the General Statutes. N.C. Gen. Stat. § 14-72(b)(2) (2005).

Defendant argues that the trial court should have dismissed the felonious larceny charge because there was no evidence of a breaking or entering on his part. As we have already indicated, the evidence permitted a jury finding that defendant illegally entered the law firm. Accordingly, the trial court did not err by denying defendant's motion to dismiss the felonious larceny charge.

## II.

[2] In his second argument on appeal, defendant contends that the trial court erred by admitting the videos from the Food Lion into evidence because the prosecution failed to properly authenticate these items of evidence. Even assuming *arguendo* that the tapes were not properly admitted in evidence, we conclude that defendant was not prejudiced by their admission.

At issue are State's Exhibits 18 and 20, both of which contained video footage of defendant and Perkins using Clough's credit card to purchase beer and cigarettes at a Food Lion. The footage was taken from the Food Lion's surveillance cameras. Exhibit 20 showed multiple scenes from different cameras within the store. The footage contained in Exhibit 20 was edited by the police to produce Exhibit 18. Both videos were shown to the jury; Exhibit 18 was shown in its entirety; but Exhibit 20 was only partially shown. Defendant contends that the exhibits were improperly shown to the jury because the State did not establish that the videotapes fairly and accurately illustrated the events filmed.

It is true that videotapes are admissible as evidence only when a proper foundation has been established. N.C. Gen. Stat. § 8-97 (2005); *State v. Cannon*, 92 N.C. App. 246, 254, 374 S.E.2d 604, 608 (1988), *rev'd on other grounds*, 326 N.C. 37, 387 S.E.2d 450 (1990). However, not all trial errors require reversal and "[d]efendant has the burden of showing that he was prejudiced by the admission of . . . evidence." *State v. Wingard*, 317 N.C. 590, 599-600, 346 S.E.2d 638, 645 (1986). Indeed, an error is not prejudicial unless "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial . . . ." N.C. Gen. Stat. § 15A-1443 (2005).

In the instant case, we hold that the admission of the videotapes showing defendant and his accomplice purchasing beer and cigarettes on the victim's stolen credit card was not prejudicial given the admittance of defendant's statement in which he confessed to using the victim's credit card to purchase beer and cigarettes at the Food Lion. Specifically, defendant stated, "We went to Food Lion[;] we got some beer on the credit cards . . . ." Later when asked by a detective what he and his accomplice bought at Food Lion, defendant stated, "[b]eer and cigarettes." In light of defendant's confession, there is no reasonable possibility that, had the challenged video exhibits not been admitted, a different result would have been reached at the trial.

Defendant's assignments of error are overruled.

No error.

Judges TYSON and ELMORE concur.