DILLON, Judge.
Tasha Nicole Moss ("Defendant") appeals from judgments entered upon her convictions for felony breaking and/or entering and felony larceny. Defendant argues that the trial court: (1) erred by denying her motion to dismiss the charge of felonious breaking and/or entering for insufficiency of the evidence; and (2) committed plain error when instructing the jury on felonious breaking and/or entering. After careful review, we find no error.
I. Background
In October 2014, an employee of Cleveland Regional Medical Center was robbed. The victim, who worked in an office located in the emergency department, testified that she had packed up her bag with her belongings as she prepared to leave work to go home. The bag, a large purple bag with flowers on the sides and bottom, contained her pocketbook, tennis shoes, clothing, medication, money, makeup, and an iPad. Prior to leaving work, the victim left her office and went to assist the front desk. She left the bag on a chair in her office. When she returned to her office, her bag was gone. She immediately notified Officer Bobby Willis about her missing bag.
Upon receiving the report of the missing bag, Officer Willis began reviewing security footage from a camera that was focused on the entrance to the victim's office. He observed on the video a woman enter the office, leave with something in her right hand, and then head out the exit door of the emergency department. Officer Willis obtained a "face sheet" or "information sheet" from the emergency department, from which he was able to identify Defendant as a suspect. Officer Willis contacted Defendant by phone, and she admitted to being at the hospital with her two children, but she denied removing anything from the hospital.
Following her conversation with Officer Willis, felony warrants were issued and Defendant was arrested at her residence and transported to a magistrate's office. Officer Willis questioned Defendant at the magistrate's officer about the theft. He confronted Defendant with still pictures taken from the security camera. The pictures showed Defendant carrying a large, purple bag on her arm as she exited the emergency department. Defendant admitted to Officer Willis that she was the person in the photograph, but again denied taking the bag. She stated that she did not "know how that got there. That's not mine." At trial, the victim identified the bag on Defendant's shoulder as her missing bag.
Defendant was convicted by a jury of felonious breaking and/or entering, felony larceny, and felony possession of stolen goods. The trial court arrested judgment on the charge of felony possession of stolen goods. The trial court sentenced Defendant to two consecutive terms of 8 to 19 months of imprisonment. Defendant timely appealed.
II. Analysis
Defendant first argues that the trial court erred by denying her motion to dismiss the charge of felonious breaking and/or entering for insufficiency of the evidence. Defendant claims that there was no evidence that she committed a breaking or entering, even if she entered the victim's personal office, because the office was held open to the public. We are not persuaded.
The trial court's denial of a defendant's motion to dismiss is reviewed de novo . State v. Barnett , 368 N.C. 710, 713, 782 S.E.2d 885, 888 (1971). "Under a de novo review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." State v. Williams , 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (internal marks and citations omitted).
"In testing the sufficiency of the evidence to sustain a conviction and to withstand a motion to dismiss, the reviewing court must determine whether there is substantial evidence of each essential element of the offense and substantial evidence that the defendant was the perpetrator of the offense." State v. Smith , 307 N.C. 516, 518, 299 S.E.2d 431, 434 (1983). The evidence must be examined in the light most favorable to the State. State v. Harrison , 169 N.C. App. 257, 263, 610 S.E.2d 407, 412 (2005).
"Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon." N.C. Gen. Stat. § 14-54(a) (2015). However, "[i]n order for an entry to be unlawful under N.C. Gen. Stat. § 14-54(a), the entry must be without the owner's consent." State v. Rawlinson , 198 N.C. App. 600, 607, 679 S.E.2d 878, 882 (2009). "[A]n entry with consent of the owner of a building, or anyone empowered to give effective consent to entry, cannot be the basis of a conviction for felonious entry under [N.C. Gen. Stat] 14-54(a)." State v. Boone , 297 N.C. 652, 658, 256 S.E.2d 683, 687 (1979). "However, the subsequent conduct of the entrant may render the consent to enter void ab initio ." State v. Brooks , 178 N.C. App. 211, 214, 631 S.E.2d 54, 57 (2006).
In the present case, Defendant was at the Cleveland Regional Medical Center seeking medical care for her children, the medical center was open to the public, and thus Defendant had implied consent to enter the medical center. The question is whether this implied consent extended to entry into the victim's office. We find our opinion in In re S.D.R. to be instructive. In re S.D.R. , 191 N.C. App. 552, 664 S.E.2d 414 (2008).
In S.D.R. , the defendant was brought to the Anson Cooperative Extension Service ("the Cooperative") in Wadesboro as part of a community service and restitution after-school program. Id . at 554, 664 S.E.2d at 417. The director testified that she observed the defendant sitting in the library as she took a trip to the restroom, and when she returned, the defendant was standing in the doorway of her office. Id . The director later discovered that cash had been removed from her purse. Id . This Court determined that while the Cooperative was a public building, "the evidence does not show that [the director's] job functions necessarily require the general public to have access to her office or that members of the general public use [the director's] office." Id . at 558, 664 S.E.2d at 419. This Court further noted that the director's office was not open to regular foot traffic, and although members of the public occasionally did come into the office, they had to either have an appointment or be specifically invited to enter. Id . at 558-59, 664 S.E.2d at 419-20. This Court thus held that the defendant in S.D.R. did not have implied consent to enter the office. Id . This Court further held that even if the defendant had implied consent to enter the office, the act of stealing cash from the director's purse was sufficient to render that implied consent void ab initio . Id .
Here, the victim testified that while her office was located in the middle of the emergency department, and the public could enter her office, the public did not normally enter her office. She testified that her job duties rarely brought her into personal contact with patients, and moreover that when she did meet with patients, it was in the "patient rooms" and not her office. Officer Willis additionally testified that while the public may walk past the victim's office, and when the door is open they could enter, "they shouldn't be going into the office unless they're invited to go in." Thus, it is apparent that the victim's office was not open to regular foot traffic and not held out as open to the public. Thus, Defendant did not have implied consent to enter the office. Id ; Rawlinson , 198 N.C. App. at 609, 679 S.E.2d at 884. Moreover, even assuming arguendo that Defendant had implied consent to enter the victim's office, her act of going in solely to steal the victim's bag rendered that implied consent void ab initio . S.D.R. at 559, 664 S.E.2d at 420. Consequently, we conclude the trial court did not err by denying Defendant's motion to dismiss for insufficiency of the evidence.
Defendant next argues that the trial court committed plain error by instructing the jury, in part, that it could convict her of felonious breaking or entering if "it was a building or office that was broken into or entered." Defendant argues that the instruction permitted the jury to convict defendant upon a theory not alleged in the indictment. The indictment alleged there was a breaking or entering "a building occupied by office of Stacy Gamble at Cleveland Regional Medical Center." Defendant claims that the instructions allowed the jury to convict defendant if some jurors found she broke into Cleveland Medical Center, while other members of the jury found that she broke into Gamble's office. We are not persuaded.
Our Supreme Court has stated:
For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.
State v. Lawrence , 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal marks and citations omitted).
In State v. Winston , the defendant entered an office of the Clerk of Superior Court of Cumberland County in the Cumberland County Courthouse. State v. Winston , 45 N.C. App. 99, 100, 262 S.E.2d 331, 332 (1980). The defendant argued that "the office of the clerk is not protected by N.C.G.S. 14-54(b) as it is not a 'building.' " Id . at 101, 262 S.E.2d at 333. This Court disagreed, holding that "the office of the clerk in the Cumberland County Courthouse is a 'structure designed to house or secure within it any activity or property' within the meaning of N.C.G.S. 14-54(c) and therefore is by statutory definition a 'building' under N.C.G.S. 14-54(b)." Id .
Similarly, here, the victim's office was a structure within the emergency department of the Cleveland Regional Medical Center. Thus, the jury was properly instructed that it could find defendant guilty if she broke or entered into a "building or office." Moreover, we note that no evidence was presented that defendant entered into the hospital unlawfully. The only issue for the jury's determination was whether defendant unlawfully entered into the victim's office. Thus, there was no reasonable likelihood that the court's instruction confused the jury or had a prejudicial impact on the jury's determination of defendant's guilt. Accordingly, we conclude that the court did not commit plain error in its instructions to the jury.
NO ERROR.
Report per Rule 30(e).
Chief Judge McGEE and Judge CALABRIA concur.