An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-211

Filed 15 October 2025

Forsyth County, No. 22CRS255640-330

STATE OF NORTH CAROLINA

v.

KEVIN JAMES CLIFFORD

Appeal by defendant from judgments entered 19 July 2023 by Judge Richard S. Gottlieb in Forsyth County Superior Court. Heard in the Court of Appeals 25 September 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Karissa J. Davan, for the State.*

> *Stephen D. Fuller for defendant.*

ARROWOOD, Judge.

Kevin James Clifford ("defendant") appeals from judgment entered upon jury verdicts finding him guilty of felonious breaking and/or entering and larceny after breaking and/or entering. Defendant contends the trial court erred when it denied his motion to dismiss because the State's evidence was insufficient, and when it admitted evidence of a past conviction. Defendant requests either a remand for a

new trial or vacation of his conviction. For the following reasons, we find no error.

## I. Background

On 3 June 2022, Lucy Tirado and her family occupied a rental property at 537 Polo Road in Winston-Salem and were in the process of moving their belongings into storage. Tirado's neighbor Holly Say testified that she observed a silver Dodge Caliber and man and woman on the property that morning. The woman was picking through items of furniture left on the curb for bulk pick-up, while the man looked around at the side of the house. Approximately twelve hours later, Ms. Say returned from work, and her partner, Austin Hatcher, told her that he believed someone was breaking into their neighbor's basement. Ms. Say saw the same man, woman, and vehicle from earlier that day. Both Ms. Say and Mr. Hatcher testified that they observed the man enter the house and bring items from the basement to the car. They contacted Ms. Tirado, who confirmed that the man or woman did not match a description of the property's landlord or his associates, so they called police to report a break-in. Mr. Hatcher recorded video of the pair leaving the property in the Caliber.

Ms. Tirado testified that when she returned to the property, she found the basement doors and a window screen ajar, some personal items missing from both inside the basement and outside the basement door, and evidence of rummaging through her possessions. After police arrived, forensic services technician Tess Fulk collected latent prints from the glass window. Latent print examiner April Daugherty testified to her conclusion that the collected prints matched defendant's

ten-print card then on file with the state from a previous offense. After the match, Detective Adam Hicks went to defendant's home, near the Polo Road address. He identified the silver Caliber from Mr. Hatcher's video due to its distinctive rims. He testified that defendant matched the description offered by Ms. Say and Mr. Hatcher of the man who entered the property. When interviewed, defendant admitted to being at the property that day but claimed his wife had entered a crawlspace and removed trash.

Defendant was indicted on 13 February 2023 for Breaking and/or Entering and Larceny after Breaking and/or Entering and came on for trial on 17 July 2023 in Forsyth County Superior Court. In addition to the above testimony, the state introduced as exhibits photographs of the open entrances and basement, Mr. Hatcher's video, the fingerprints and ten-print card, the responding officer's bodycam footage, and Detective Hicks' interview. At close of evidence, defendant moved to dismiss the charges based on insufficient evidence, which the trial court denied. Defendant failed to appear in court after the first day of trial and presented no evidence in his defense. The jury convicted defendant on both charges. On 8 July 2024, Judge Richard S. Gottlieb sentenced defendant to two consecutive sentences of 10 to 21 months' imprisonment. Defendant gave notice of appeal in open court.

## II.    Discussion

Defendant raises two issues: (1) whether the trial court erred in denying his motion to dismiss for insufficiency of the evidence; and (2) whether the trial court committed plain error in admitting the ten-print card, due to its reference to his prior conviction for failure to register as a sex offender. We discuss each issue in turn.

## A.     Sufficiency of Evidence

On a motion to dismiss for insufficient evidence, we consider whether there was substantial evidence of the essential elements of the charged offense and that defendant was likely the perpetrator of each offense. *State v. Osbourne*, 372 N.C. 619, 626 (2019). Substantial evidence is the amount "necessary to persuade a rational juror to accept a conclusion." *Id.* The evidence is viewed in the light most favorable to the State affording the State the benefit of every reasonable inference drawn from that evidence. *Id.* If there is "more than a scintilla of competent evidence" to support the charge, the case must be submitted to the jury. *State v. Foye*, 220 N.C. App. 37, 41 (2012) (citation omitted). The question is whether a "reasonable inference of the defendant's guilt may be drawn from the circumstances." *State v. Lee*, 348 N.C. 474, 488 (1998). We ask whether the evidence was sufficient for jury consideration, not about the weight of the evidence. *State v. Tucker*, 380 N.C. 234, 237 (2022) (citation omitted). Contradictions and discrepancies are for the jury to resolve and do not warrant dismissal. *State v. Smith*, 300 N.C. 71, 78 (1980).

Defendant argues that the State failed to submit sufficient evidence for the jury's consideration. The essential elements of felonious breaking and/or entering are

(1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein. *State v. Haymond*, 203 N.C. App. 151, 168 (2010). Larceny is the taking and carrying away of the property of another without the owner's consent with the intent to permanently deprive the owner of the property. *State v. Brooks*, 178 N.C. App. 211, 215 (2006). Larceny is felonious without regard to the property's value where the larceny occurs pursuant to a breaking or entering. N.C.G.S. § 14-72.

As to breaking or entering, the State presented testimonial evidence that the entrances to the basement were locked before the residents left the property and that the resident returned to find the basement entrances ajar with her property rifled through and several items missing. From this, a jury could reasonably conclude that a breaking or entering of the dwelling had occurred.

"Intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred." *State v. Chillo*, 208 N.C. App. 541, 546 (2010). The State presented testimonial evidence that a man returned to the property for the second time on the day in question and left the rear of the home carrying items to his vehicle. From these circumstances, a jury could reasonably infer that man's intent to commit larceny at the time of entry.

The state also offered evidence sufficient for the jury to reasonably infer that defendant committed these offenses. Neighbors observed and videotaped a silver Dodge Caliber on the property during the break-in. Defendant drove such a vehicle.

Most significantly, the state introduced defendant's admission that he was present on the property at the time of the events, as well as latent fingerprints which a forensic expert testified were a match for defendant's ten-print card. Taken together, the State's evidence, if believed by the jury, would be sufficient to permit a reasonable juror to find each element of breaking and/or entering as well as larceny after breaking or entering.

Defendant contends that no eyewitnesses directly identified him as the intruder, and that the fingerprint was outside the residence rather than inside, and that he had only admitted to seeing his wife trash from the house's crawlspace. These contentions, however, do not render the State's evidence insufficient as a matter of law. The absence of direct eyewitness identification does not bar a finding of sufficiency. "Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." *State v. Dover*, 381 N.C. 535, 547 (2022) (citations omitted). Likewise, defendant's statements and the location of the fingerprints go to the weight of the evidence and the credibility of witnesses, which are squarely reserved for the jury. *Queen City Coach Co. v. Lee,* 218 N.C. 320, 323 (1940).

Taken in the light most favorable to the State, the evidence was more than sufficient to withstand a motion to dismiss. Accordingly, the trial court properly denied Defendant's motions to dismiss.

B.      Admission of the Ten-Print Card

Defendant next contends the trial court erred in admitting the ten-print card bearing the notation "FAIL REGISTER SEX OFFENDER." He argues that the notation impermissibly informed the jury of an unrelated prior conviction creating unfair prejudice, in violation of Rule 401, 403, and 404(b) of the North Carolina Rules of Evidence. Evidentiary errors are preserved for appellate review only if the defendant made a timely objection at trial. N.C. R. App. P. 10(a)(1). The exhibit was admitted without objection. Without preservation, we review the admission for plain error. *State v. Odom*, 307 N.C. 655, 660 (1983). Thus, the defendant has the burden to meet a three-factor test: (1) that a fundamental error occurred at trial; (2) that without the error the jury probably would have reached a different conclusion; and (3) that the error is an exceptional case, "seriously [affecting] the fairness, integrity, or public reputation of judicial proceedings." *State v. Reber*, 386 N.C. 153, 158 (2024).

Relevant evidence is defined as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable." N.C.G.S. § 8C-1, Rule 401 (2023). Relevant evidence may be excluded under Rule 403 if its probative value is substantially outweighed by danger of unfair prejudice. *Id.* Rule 403. Evidence of prior crimes, wrongs, or acts is admissible only for limited purposes, such as motive, intent, or identity. *Id.* Rule 404(b).

The record reveals that the ten-print card was introduced for the limited and permissible purpose of establishing defendant's identity as the source of the latent fingerprints. Detective Hicks testified that he considered the fingerprint analysis in

the ordinary course of his investigation. The exhibit was therefore probative of a central fact in the case. Furthermore, the State agreed not to highlight the language, and although the jury requested numerous exhibits for closer examination, it did not request review of the card. However, the challenged language ("FAIL REGISTER SEX OFFENDER") was indeed unrelated to the charges and did not serve to prove any of the purposes listed under 404(b). Because a prior conviction for a sex-related offense could be prejudicial, the better practice would have been to redact the notation before admitting the card.

Although the jury could have made note of the challenged language, defendant has not demonstrated plain error. To prevail, he must show that the verdict probably would have been different, absent the language's admission. The state's case was supported by multiple strands of evidence wholly independent of the challenged exhibit: testimony from eyewitnesses observing a man matching defendant's description repeatedly on the property, entering the basement, and carrying out items; the presence of a vehicle consistent with defendant's; the resident's testimony that the basement doors were locked and later discovered with signed of forced entry and missing property; and crucially, the defendant's own admission that he was at the residence on the day of the offense. Taken together, the above evidence strongly corroborates the fingerprint match. Given the totality of the State's evidence, defendant cannot meet his burden against the demanding plain error standard,

because he has not shown that the notation had a probable impact on the jury's verdict. Accordingly, defendant's argument fails, and we find no error.

### III.    Conclusion

The trial court properly denied defendant's motion to dismiss, and the evidentiary ruling as to the ten-print card does not rise to the level of plain error. For the foregoing reasons, we find defendant received a fair trial free from prejudicial error.

NO ERROR.

Chief Judge DILLON and Judge MURRY concur.

Report per Rule 30(e).