STATE v. JOHN CLOUD, JR.

(Filed 11 October, 1967.)

**1. Burglary and Unlawful Breakings § 8—**

A person who breaks and enters a building with intent to commit the crime of larceny is guilty of a felony, regardless of whether he is frustrated before he accomplishes the larceny.

**2. Burglary and Unlawful Breakings § 5—**

Evidence in this case *held* sufficient to overrule nonsuit in the prosecution for unlawfully breaking and entering a building with intent to steal merchandise therefrom.

APPEAL by defendant from *Martin, Special Judge,* April 17, 1967 Conflict Criminal "C" Session of MECKLENBURG.

Defendant was tried on an indictment charging that he, on January 15, 1967, unlawfully, wilfully and feloniously did break and enter the building of Hemmingway Transport, Incorporated, wherein valuable merchandise was kept, with intent to steal such merchandise.

The only evidence was that offered by the State. It consists of testimony of Thomas C. Ramsey, Terminal Manager of Hemmingway Transport, Incorporated, and of P. H. Jackson, a Charlotte Police Officer, tending to show the facts narrated below.

Hemmingway is engaged in the business of transporting and

handling general freight commodities in interstate commerce. Its place of business in Charlotte, North Carolina, located at 1100 South Clarkson Street, includes a building, consisting of an office and adjoining warehouse (terminal), and loading dock and parking space for its trucks, tractors and trailers.

On Sunday, January 15, 1967, Hemmingway's was not open for business. On that date, Mr. Ramsey, between 12:00 noon and 1:00 p.m. while standing outside the building, heard a noise inside the warehouse. Through a window in one of the warehouse doors, Ramsey saw defendant, at which time defendant was approximately fifteen feet from him. Ramsey testified: "(H)e (defendant) was sorting through freight like he was picking through the freight — he was picking or sorting through the freight that was unloaded that Saturday and put in the warehouse. His hands did come in contact with some of the boxes inside the warehouse. When he touched the boxes he was moving them around, scattering them around like he was searching for something."

While telephoning the police from a nearby place of business, Mr. Ramsey saw defendant walk and then run away from the warehouse. Ramsey alone, and later with a police officer, followed defendant. Defendant was overtaken and placed under arrest by (officer) Jackson.

When Ramsey returned to Hemmingway's place of business, he found that two or three of the boards on the outside of the warehouse had been pulled off, leaving a "large enough space for someone to crawl through." Too, he discovered a roller was missing from the inside of one of the "overhead doors that roll up on a track." When defendant was arrested, he had in his hand "a broken roller from an overhead roller door."

An inventory taken the next (Monday) morning disclosed that merchandise that had been stored in the warehouse was missing.

Defendant had never been an employee of Hemmingway. Ramsey did not know defendant. Defendant had no authority or permission to be inside that building on Sunday, January 15, 1967, when the place of business was closed.

The jury returned a verdict of guilty as charged; and judgment, imposing a prison sentence of four years, was pronounced. Defendant excepted and appealed.

*Attorney General Bruton, Deputy Attorney General Lewis and Trial Attorney Banks for the State.*

*W. B. Nivens for defendant appellant.*

STATE *v.* LOVELACE.

PER CURIAM. Pertinent legal principles include the following: "Under G.S. 14-54, if a person breaks *or* enters one of the buildings described therein with intent to commit the crime of larceny, he does so with intent to commit a felony, without reference to whether he is completely frustrated before he accomplishes his felonious intent . . . (H)is criminal conduct is not determinable on the basis of the success of his felonious venture." (Our italics.) *State v. Smith,* 266 N.C. 747, 147 S.E. 2d 165; *State v. Nichols,* 268 N.C. 152, 150 S.E. 2d 21.

Defendant's motion for judgment as in case of nonsuit was properly overruled. The State's evidence was amply sufficient to support the verdict. Moreover, defendant's other assignments do not disclose prejudicial error or present questions of sufficient substance to warrant detailed discussion. Hence, the verdict and judgment will not be disturbed.

No error.