### STATE v. JAMES DICKENS ALIAS WOODROW.

#### (Filed 12 January, 1968.)

**Burglary and Unlawful Breakings § 2—**

    G.S. 14-54, as amended, constitutes unlawful breaking or entering a building a felony when such breaking or entering is done with intent to commit a felony or other infamous crime therein and a misdemeanor in the absence of a felonious intent, and constitutes the misdemeanor a less degree of the offense.

APPEAL by defendant from *Fountain, J.,* August 21, 1967 Criminal Session of NASH.

Defendant was indicted at May-June 1967 Session in a bill charging that defendant, on March 10, 1967, "unlawfully, wilfully, feloniously and burglariously did break and enter the dwelling house of one Maxine Cherry at or about the hour of 1:00 o'clock A.M. in the nighttime of said day, while the dwelling house was then and there actually occupied by the said Maxine Cherry, with the felonious intent to take, steal and carry away the goods and chattels of Maxine Cherry there situate, . . ." At said session, Judge Morris, based on defendant's affidavit of indigency, appointed Wm. D. Etheridge, Esq., of the Nash County Bar, to represent defendant. Later, upon defendant's statement in open court that he had retained W. O. Rosser, Esq., of the Nash County Bar, to represent him, Mr. Etheridge was released from further obligations to defendant.

Prior to trial of defendant at August 21, 1967 Criminal Session, the solicitor announced in open court "that the State would not seek a verdict of 1st degree burglary but would ask for a verdict of Felonious B. & E." At trial, the only evidence was that offered by the State. The court submitted to the jury whether defendant was guilty of breaking or entering the dwelling house of Maxine Cherry with intent to commit larceny, or guilty of wrongful breaking or entering said dwelling house without the intent to commit larceny, or not guilty. The jury returned a verdict of "guilty of wrongful breaking and entering without the intent to commit a felony." The court pronounced judgment imposing a prison sentence of two years, this sentence "to begin at the expiration of the sentence imposed in case No. 5371-R from Nash County Recorder's Court for Larceny, said sentence being for 6 months." Defendant excepted and appealed.

By order of Judge Fountain, Mr. Rosser was appointed to continue to serve as counsel for defendant in connection with his appeal and Nash County was ordered to pay the necessary costs of mimeographing the record and defendant's brief incident to such appeal.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*W. O. Rosser for defendant appellant.*

PER CURIAM. There was direct evidence that defendant unlawfully entered the Cherry dwelling house; that he was in the kitchen when first observed by the aroused occupants; and that he made his exit by way of the kitchen window. Moreover, the circumstantial evidence, when considered in the light most favorable to the State, was sufficient to support a jury finding that the kitchen window had been closed and that defendant had raised the kitchen window and had entered the kitchen by way thereof.

Defendant's assignments of error, which relate to nonsuit and one excerpt from the charge, presuppose there was no evidence of an unlawful *breaking*. Although, in our view, the evidence was sufficient to support a finding that defendant made his entry pursuant to an unlawful *breaking*, attention is called to the fact that such evidence was not a prerequisite to conviction.

"G.S. 14-54, as amended, defines a felony and defines a misdemeanor. The unlawful breaking *or* entering of a building described in this statute is an essential element of both offenses. The distinction rests solely on whether the unlawful breaking *or* entering is done 'with intent to commit a felony or other infamous crime therein.' Hence, the misdemeanor must be considered 'a less degree of the same crime,' an included offense, within the meaning of G.S. 15-

170." (Our italics.) *State v. Jones,* 264 N.C. 134, 141 S.E. 2d 27. See *State v. Cloud,* 271 N.C. 591, 157 S.E. 2d 12, and cases cited.

Defendant was convicted of "a less degree of the same crime," a misdemeanor, after a trial conducted in accordance with approved legal principles.

No error.