CALABRIA, Judge.
William Thomas Holden ("defendant") appeals from a judgment entered upon his conviction for felony breaking or entering. After careful review, we dismiss defendant's ineffective assistance of counsel claim without prejudice to his ability to raise it in a motion for appropriate relief filed in superior court.
Defendant was charged by bill of indictment with felony breaking or entering and larceny pursuant to breaking or entering. Evidence at trial establishes the following factual background.
On 29 August 2014, Michael Worsham returned to his home on Stevens Road in Raleigh around 8:30 p.m. and discovered that his house had been broken into. He first realized that something was wrong when his dog failed to greet him. Mr. Worsham entered through the side door of his house, as he always does, and saw that his house had been ransacked. Mr. Worsham had locked the doors to the residence before leaving. He went back outside to look for his dog and found it in a neighbor's yard, about two doors down. After retrieving his dog, Mr. Worsham returned home and discovered that the gate to his fenced-in yard was open and that his back door had been kicked in. He noticed that a laptop computer, money, and two bikes were missing.
A Raleigh police officer responded to Mr. Worsham's house and took a statement from Mr. Worsham. Later, a crime scene investigator arrived and lifted latent fingerprints from the exterior of the back door. A forensic technician compared the fingerprint evidence to fingerprints in a computer database and identified a preliminary candidate. A latent examiner then compared the fingerprint evidence to the candidate's known prints. He concluded that the latent print matched the left middle fingerprint on the ten-print card for defendant.
On 4 September 2014, Detective R.K. Johnson was notified that the fingerprint evidence identified defendant as a possible suspect. Detective Johnson contacted Mr. Worsham, who indicated that he did not know defendant. The detective also ran defendant's name through a database and found an address for defendant on Stevens Road in Raleigh-approximately one to two blocks from Mr. Worsham's house. Mr. Worsham testified that he did not know defendant, that defendant had never been to his house, and that he had never given defendant permission to enter his house or borrow his property.
On 11 September 2014, Detective Johnson went to defendant's residence, but defendant was not home. The detective asked defendant's mother to have defendant call him back about an investigation, and defendant returned his call that evening. Detective Johnson told defendant that he was investigating a break-in close to defendant's residence and that defendant's fingerprints were found at the scene. According to Detective Johnson, defendant then told the detective that he broke into the residence and took a computer. Detective Johnson told defendant that two bikes were stolen as well, but defendant denied taking them.
Defendant testified at trial. He recognized Mr. Worsham from the neighborhood and had seen Mr. Worsham riding his bike with his dog. Defendant recalled that on 29 August 2014, he walked home from a barbershop around 5:30 or 6:00 and saw Mr. Worsham's dog in another neighbor's yard. Defendant testified that he recognized the dog and tried to return it. Defendant was unable to catch the dog, but he chased it to Mr. Worsham's carport. Defendant claimed that he knocked on the side door, and then the front door, but no one answered either door. He noticed that the gate was open and chased the dog into the backyard. Defendant then went to the back door and noticed that it was cracked open with the deadbolt sticking out. He opened the back door a bit more and whistled for the dog. The dog then darted inside and defendant closed the door, with the deadbolt still out. Defendant testified that he closed the gate and walked home.
Defendant also recalled talking to Detective Johnson, who told defendant that he had defendant's fingerprints on a house on Stevens Road. Defendant told Detective Johnson that he might have taken a bag of marijuana and a computer from an unlocked car parked on Stevens Road in March, but that he had never taken anything from a home on Stevens Road. The detective never told defendant which house was broken into. Defendant claimed that he did not understand what Detective Johnson was talking about-that he thought the detective was referring to an incident that occurred months earlier. Defendant felt that Detective Johnson had misunderstood what he told Detective Johnson about the laptop.
Detective Johnson, however, testified that it was not possible defendant was referring to a different laptop. The detective said that defendant "knew exactly which house [the detective] was talking about." Detective Johnson did not take notes of the conversation or record it. He also did not recall whether he specified which house had been broken into or asked defendant what type of computer he had taken.
Defendant testified that he never went into Mr. Worsham's residence, that he did not ransack the house, and that he did not take anything from the house. He also testified that he had no idea who did.
During the charge conference, the trial court indicated that it intended to give an instruction on the lesser included offense of misdemeanor breaking or entering. Counsel for defendant, however, requested that the lesser included charge not be given. Thereafter, the jury found defendant guilty of felony breaking or entering, but not guilty of larceny after breaking or entering. The trial court sentenced defendant to an active term of 7 to 18 months. Defendant appeals.
In his sole argument on appeal, defendant contends that trial counsel was ineffective for declining the instruction on the lesser included offense of misdemeanor breaking and entering.
"The essential elements of felonious breaking or entering are (1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein. G.S. 14-54(a)." State v. Litchford , 78 N.C. App. 722, 725, 338 S.E.2d 575, 577 (1986). Misdemeanor breaking or entering is a lesser included offense of felonious breaking or entering. State v. Dickens , 272 N.C. 515, 516, 158 S.E.2d 614, 615 (1968). The only distinction between the two offenses is that misdemeanor breaking or entering does not include the element of intent to commit a felony or larceny therein. Id. A trial court is required to give an instruction on a lesser included offense "if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." State v. Millsaps , 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002).
Defendant argues that an instruction on the lesser included offense of misdemeanor breaking and entering was appropriate in the instant case, based on defendant's testimony. We agree. Defendant's act of crossing the threshold, placing his hand on the door, and pushing it open constitutes an "entry." See State v. Surcey , 139 N.C. App. 432, 435, 533 S.E.2d 479, 481 (2000) ( "[E]ntry is the act of going into the place after a breach has been effected, but the word has a broad significance in the law of burglary, for it is not confined to the intrusion of the whole body...."). Furthermore, Mr. Worsham testified that he did not know defendant and that defendant did not have permission to enter the residence. If defendant's version of events is believed, a jury could have concluded that defendant entered the Worsham residence without consent, but lacked the intent to commit a felony therein. Accordingly, we agree that the evidence supported an instruction on misdemeanor breaking or entering.
Defendant contends that trial counsel violated his right to effective assistance of counsel by declining the instruction on the lesser included offense of misdemeanor breaking or entering. See Strickland v. Washington , 466 U.S. 668, 687, 80 L.Ed. 2d 674, 693 (1984) ; State v. Braswell , 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985). He argues that there was no possible strategic reason that trial counsel would decline an instruction on the lesser included offense of misdemeanor breaking or entering. Defendant claims that because he admitted going into Mr. Worsham's house, requesting the lesser included instruction would have been consistent with counsel's trial strategy.
Based on the record before us, we are unable to hold that there is no possible strategic reason for trial counsel to decline the lesser included instruction. However, we decline to speculate as to whether trial counsel had a strategic reason for declining the instruction; this is a determination that is better suited for the superior court. We have previously explained:
As a general proposition, claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal. It is well established that ineffective assistance of counsel claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing. Thus, when this Court reviews ineffective assistance of counsel claims on direct appeal and determines that they have been brought prematurely, we dismiss those claims without prejudice, allowing defendants to bring them pursuant to a subsequent motion for appropriate relief in the trial court.
State v. Carpenter , 232 N.C. App. 637, 646, 754 S.E.2d 478, 485 (2014) (citation omitted). Because we cannot determine on the face of the cold record whether trial counsel's decision was strategic, we hold that defendant's ineffective assistance claim is premature. We therefore dismiss defendant's ineffective assistance claim without prejudice to his ability to raise it in a motion for appropriate relief filed in superior court.
DISMISSED.
Report per Rule 30(e).
Chief Judge McGEE and Judge DILLON concur.